# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

BEN DAVIS, *individually and*
*on behalf of all others similarly situated*,

                Plaintiff,                        Case No. 8:23-CV-02333-SDM-AEP

v.

CR FITNESS HOLDINGS, LLC,

                Defendant.

_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND REQUEST FOR FEES

Matthew J. Langley
David S. Almeida*
Britany A. Kabakov*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
matt@almeidalawgroup.com
david@almeidalawgroup.com
brtiany@almeidalawgroup.com

Plaintiff Ben Davis and undersigned counsel, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and the Court's inherent authority, respectfully request that this Honorable Court deny Defendant CR Fitness Holdings, LLC's ("CR Fitness" or "Defendant") Motion for Sanctions and instead award Plaintiff fees and expenses incurred in responding to Defendant's motion.

## INTRODUCTION

On October 13, 2023, Plaintiff filed his putative class action lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") based on his receipt of an unconsented call advertising the opening of a CR Fitness location near his home in Plano, Texas. *See generally* DE 1 (the "Complaint" or "Compl."). Whether Plaintiff sufficiently alleges that Defendant violated the TCPA is a question pending before this Court. *See* DE 24 & DE 29.

Plaintiff's Complaint is replete with allegations that give rise to a plausible inference that Defendant violated the TCPA. For example, Plaintiff alleges that on or about October 6, 2023, Defendant made an unconsented prerecorded voice call from a phone number ending in 1660 to Plaintiff's cellular telephone number ending in 3278. *See* Compl. ¶ 25. Plaintiff does ***not*** rely on conclusory or threadbare allegations; rather, the Complaint specifically alleges or includes:

1)  date and time of the call, October 6, 2023, 12:33 p.m. (Compl. ¶ 25)

2)  the last four digits of his cell phone number that received the call, (*Id.*)

3)  a screenshot of the voicemail message that identified the telephone

number (ending in 1660) that made the call, (*Id.*)

4) a transcript of the pre-recorded message left on Plaintiff's voicemail that identifies Defendant as the caller, (*Id.*, ¶ 27)

5) a link to a website identifying spam phone calls which reports forty-four spam phone calls ***from the same number ending in 1660 on the same date Plaintiff alleges to have received his call*** (*Id.*, ¶ 28, n. 5),[1] and

6) links to articles evidencing CR Fitness' opening of its Crunch Fitness location in Plano, Texas in October 2023. (*Id.*, ¶ 19-21, n. 1-4)

Notably, CR Fitness ***admits*** that it made pre-recorded calls with the exact message that Plaintiff received—on the exact date that Plaintiff alleges to have received his call—to phone numbers in the Plano, Texas area where Plaintiff lives. *See* DE 28 at 3; DE 28-1, ¶¶ 5 & 9-10. But Defendant wants this Court to disregard those well-pled allegations. As the factual predicate for its argument, Defendant contends that this Court should take its word that it did not make the violative call. That is, rather than permit this Court to decide whether Plaintiff has set forth sufficient allegations stating a claim warranting discovery, Defendant wants to bypass that process because it supposedly cannot find a record of the call. *See* DE 28-1. Defendant's denials are not grounds to dismiss a claim at the pleading stage. And Defendant's self-serving denials are certainly not grounds to file a Rule 11 motion for sanctions, which is to be exercised with extreme caution and is intended for pleadings that have no reasonable factual or legal basis. *See, e.g.*, *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993).

Defendant insists that there is no evidence of a call to Plaintiff (DE 28 at 9) but,

---

[1] *See* https://lookup.robokiller.com/p/214-910-1660 (last accessed March 15, 2024).

as detailed *infra*, Plaintiff has provided more than sufficient evidence of the call he received. In addition to the Complaint's allegations, when counsel for Defendant represented that it could not find the call in its records, plaintiff's counsel shared with defense counsel additional evidence of the call. As a result, even though the parties are not in discovery yet, defense counsel is in possession of the following:

- **A screenshot of Plaintiff's voicemail log** demonstrating that a voicemail from the number 214-910-1660, originating in Grapevine, Texas, left a recording on the voicemail of Plaintiff's cellular telephone on October 6, 2023 at 12:33 PM lasting a total of 39 seconds (Compl. ¶ 25);

- **A recording of the prerecorded phone message** left on Plaintiff's voicemail, which transmitted the following message in English and then again in Spanish:

    > It's Crunch time! Our Plano location is having their one day only cyber sale starting 12:01 a.m. October 7th. Only the first 500 members will receive our founders rate and free Crunch flag. Sign up at CrunchPlano.com and don't forget to tell your friends (Ex. A. ¶¶ 7-8);

- **A screenshot of the call log of Plaintiff's cellular phone** which demonstrates that Plaintiff received a missed call from the number 214-910-1660 on October 6, 2023 at 12:33 PM (Ex. A. ¶ 13); and

- **A video of Plaintiff**: (i) opening his cell phone to the home screen, (ii) navigating to "settings," showing that his full name is identified on the phone, (iii) showing that the number ending in 3278 is the number of the cell phone in the video, (iv) navigating to his voicemail page which shows that a 39 second voicemail from the number 214-910-1660 was received on October 6, 2023 at 12:33 p.m. and (v) playing the prerecorded voicemail at issue in full. (Ex. A. ¶ 22).

The evidence Plaintiff has shared with Defendant, through counsel, attests to counsel's pre-suit and ongoing investigation and the factual basis for Plaintiff's filing.

Defendant states with certainty that "CR Fitness never called [Plaintiff]." DE

3

28 at 1. Defendant bases its Motion for Sanctions only on the following: (i) a self-serving affidavit by CR Fitness' Chief Marketing Officer [DE 28-1], (ii) an almost entirely redacted phone record of a seven minute period on October 6, 2023 for calls made by the number ending in 1660 (Ex. A, ¶ 19) and (iii) an almost entirely redacted cell phone bill for an irrelevant cell phone number ending in 3619. (Ex. A, ¶ 20).

CR Fitness asks this Court to make a factual determination based on these records to dismiss the well-pleaded Complaint and also to sanction Plaintiff and his counsel. But Plaintiff is entitled to examine the veracity of Defendant's affidavit, as well as the phone records submitted by Defendant through discovery.

Moreover, Defendant's so-called evidence is inadequate for the relief it requests. For example, the affidavit of Ms. Kendall Lanese admits that CR Fitness made prerecorded calls on October 6, 2023 to promote the Plano, Texas location but insists that she looked and did not locate Plaintiff's number amongst those that received Defendant's calls. *See* DE 28-1, ¶¶ 5-10 & 14-18. However, in her affidavit, Ms. Lanese fails to identify the "sole vendor" CR Fitness purportedly uses, how the vendor's call logs were maintained, how she is sure there are not other call logs used by the vendor, how she confirmed that CR Fitness did not utilize other vendors to make prerecorded calls or how she searched the "records relating to the Founders' Day sale call." *See generally* DE 28-1. Defendant asks Plaintiff and the Court to accept Ms. Lanes' affidavit without an opportunity to cross-examine her or to conduct discovery.

The call records produced by Defendant likewise do not answer Plaintiff's

questions. For instance, the first call record produced by Defendant purports to be of calls made from the number ending in 1660 on October 6, 2023 during the time Plaintiff received his call. *See* Ex. A, ¶ 19. But this call record is almost entirely redacted and there is no information identifying the details of where these records were produced. Moreover, despite purporting to be for calls made on and around 12:33 p.m., the records appear to be for calls made at and around 1:33 p.m. (13:31 to 13:38 p.m.). *Id.* The second call records are irrelevant as the only unredacted data relates to calls involving a phone number ending in 3619—a number unconnected to Plaintiff's claims—almost all of which are incoming calls. *See id.*, ¶ 20.

Plaintiff and undersigned counsel do not wish to engage in a recrimination filing, but the law is clear that "the filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (quoting FED.R.CIV.P. 11 advisory committee's note). Given the factual evidence Plaintiff presented to defense counsel regarding the call that Plaintiff received, the insufficiency of Defendant's "evidence" and the corroborating allegations in the Complaint, there can be little doubt that Defendant's Motion for Sanctions was filed with no reasonable basis. Instead, defense counsel filed its Motion in bad faith to harass Plaintiff into dismissing his well-pleaded Complaint, to avoid discovery into the source of the unlawful prerecorded calls, to intimidate Plaintiff into dropping his claim before responding to Defendant's motion to dismiss and, most notably, to influence this Court into prejudging Plaintiff's case.

Understandably, courts generally throw up their hands in the face of competing requests for sanctions, but here Defendant's conduct is so egregious, having filed its Rule 11 Motion with no reasonable basis, in bad faith and for an improper purpose, that defense counsel should be sanctioned and Plaintiff should be awarded fees and costs incurred for opposing the Motion. *See Smith*, 750 F.3d 1260 (holding "district court did not abuse its discretion in awarding Appellees' fees for the costs they incurred opposing Smith's Rule 11 motion").

## BACKGROUND

Plaintiff Davis received an unsolicited phone call from Defendant using a pre-recorded voice. His allegations detail when the call was received, the substance of the pre-recorded message, the phone number from which the call came and the phone number that received the call. *See* Compl., ¶¶ 24-33. The Complaint includes a screenshot of the voicemail with the date and time the call was received, the number that made the call and the length of the voicemail. *Id.*, ¶ 25. The Complaint also includes a transcript of the prerecorded call, transcribing the message received by Plaintiff, a marketing call advertising a "one day only cyber sale" for Defendant's Plano, Texas location. *Id.*, ¶ 27. The Complaint states that there are dozens of reports of other prerecorded spam calls coming from the same number ending in 1660 and includes a link to a website substantiating this allegation. *Id.*, ¶ 28.

Defense counsel first reached five days after the Complaint was filed and informed undersigned counsel that a number ending in "3258 had provided prior

consent" to "receive SMS text alerts from Crunch" and requested that Plaintiff share his full telephone number. *See* Ex. A, ¶ 4. Undersigned counsel responded the next day to (i) correct defense counsel that the last four digits of Plaintiff's number was **not** "3252" but 3278 as had been clearly alleged in the Complaint (*see* Complaint, ¶¶ 6 & 23) and (ii) provide Plaintiff's full telephone number. *Id.*, ¶ 5.[2]

Defense counsel contacted Plaintiff again on October 25, 2023 to state that they had their "client check its systems so we could provide a consent" but had been unable to locate a record of the call and to request that Plaintiff forward the message to defense counsel. *Id.*, ¶ 6. Two days later, undersigned counsel——after again conferring with Plaintiff—provided defense counsel **both** a screenshot of the voicemail page and recording of the voicemail Plaintiff received. *Id.*, ¶ 7.

Despite this, on November 3, 2023, defense counsel sent a letter reiterating its inability to locate the call and demanding that the Complaint be dismissed "to avoid further motion practice and needless expense incurred on these issues." *Id.*, ¶ 9. The majority of Defendant's letter dealt with its system for obtaining consent from customers to "receive SMS marketing **text** messages"[3] and arguing that Defendant's

---

[2] Additionally, Plaintiff—who has been on the do not call registry since December 2011—does not want to provide his full cellular telephone number on the public docket, having already been the target of Defendant's unwanted prerecorded call. However, Defendant **includes Plaintiff's personal phone number in full** on page 7 of its Motion to Dismiss without bothering to redact any part of the number. *See* DE 24 at 7. Plaintiff's Counsel requested that defense counsel file a redact version of its Motion to Dismiss with all but the last four digits of Plaintiff's phone number redacted but they refused to do so. *See* Ex. A, ¶ 25. Plaintiff respectfully requests that the Court order Defendant to withdraw its Motion to Dismiss and file a new motion with Defendant's number partially redacted.

[3] Thus, where CR Fitness actually managed to secure putative consent from individuals, it was only to send "SMS marketing text messages" and **not** the pre-recorded calls that Plaintiff and Class

membership agreement binds its members to submit claims to arbitration. *Id*. Defendant inexplicably made these arguments despite acknowledging that Plaintiff was neither a member nor had provided consent to receive calls to his cell phone.

On November 10, 2023, undersigned counsel responded by pointing out that the Complaint's allegations are more than sufficient to state a claim, the factual evidence that Plaintiff provided to Defendant supports Plaintiff's claim and Plaintiff did not consent to receive calls nor is he bound by the terms of Defendant's membership agreement. *Id*., ¶ 12. In addition, Plaintiff attached to the response letter, the recording of the voicemail and screenshot of the voicemail log as well as a screenshot of the call log that showed Plaintiff receiving a missed call from the number ending in 1660 on October 6, 2023 at 12:33 p.m. *See* Ex. A, ¶ 13.

Plaintiff's November 10, 2023 letter also responded to two misperceptions from Defendant that it continues to put forth in its Motion for Sanctions. The first is the unsupported contention that Plaintiff manufactured this litigation by utilizing some sort of call forwarding feature to forward calls to Plaintiff's phone from another number. As Plaintiff's counsel stated in its Response Letter, it conferred with Plaintiff who was unequivocal in stating that he did not have any calls forwarded to his phone number ending in 3278 or from any other number. *See id*., ¶ 14.

The second misconception concerns a call Plaintiff made to Defendant's 1660 number on November 2, 2023, three weeks after his Complaint was filed. *See* DE 28

---

Members received from Defendant.

at 4, n. 1. As Plaintiff's counsel explained in its Response Letter and in subsequent conversations with defense counsel, after Defendant continued to insist that it had no record of the violative question, Plaintiff called the number that left the voicemail to confirm that the source of the number was the Crunch Fitness location in Plano, Texas owned by Defendant. *Id.*, ¶ 15. Plaintiff made the call, confirmed that the number did belong to CR Fitness and hung up before speaking with anyone. *Id.* Defendant's suggestion that Plaintiff's call was "an attempt to create a call log information or to induce CR Fitness to return Plaintiff's call" is a red herring based upon rank speculation. As Plaintiff relayed to Defendant in November 2023, this call was made post-filing and is irrelevant to the allegations in the Complaint. *Id.* The fact that Defendant continues to parrot this accusation suggests that it is acting with a motive to paint Plaintiff as having manufactured his claim in order to influence the Court.

Thereafter, Counsel for the parties continued to meet and confer amicably. After affording Defendant the courtesy of a five-week extension to its responsive pleading deadline, DE 17, Plaintiff confirmed for Defendant that the number in the Complaint was the only number Plaintiff used, Plaintiff's email address and that Plaintiff did not use call forwarding. *Id.*, ¶ 16. The parties also discussed obtaining phone records to further establish the source of the prerecorded call. Plaintiff informed defense counsel that Defendant's call to Plaintiff's cellular telephone did not appear on his AT&T bill because it—having gone straight to voicemail—did not use Plaintiff's data. *Id.*, ¶ 17. Plaintiff confirmed this in conversations with AT&T and through

independent research. *Id.*[4] Plaintiff also informed defense counsel that, in order to access phone records from AT&T directly, AT&T required a subpoena. *Id.*

The parties also discussed CR Fitness producing the phone records it had referenced to support its assertion that it did not make the call to Plaintiff. *Id.* ¶ 18. Finally, on January 11, 2023, defense counsel produced heavily redacted phone records that it relies on for the relief it seeks here. *Id.*, ¶ 19. As discussed above, the first phone record redacts all but seven minutes worth of calls, does not identify the source of the records and reflects calls made from 1:31 to 1:38 p.m. on October 6, 2023—not 12:33 p.m. which is when Plaintiff received his call. *Id.* The second phone record produced is irrelevant as it is a heavily redacted cell phone bill that leaves unredacted only calls made and received from a cell phone number ending 3619—not the number identified as placing the prerecorded call to Plaintiff. *Id.*, ¶ 20.

On February 29, 2024. Defendant filed its Motion to Dismiss the Complaint and Strike the Class Allegations. DE 25. On the same day, Defendant served its Rule 11 Notice Letter and attached a copy of its Motion for Sanctions. *Id.*, ¶ 21. During the ensuing 21 days, counsel for the parties discussed investigation of the claims as well as possible resolution of the case. *Id.* Those talks continued up until March 1, 2024 when

---

[4] The following are cites to AT&T forums that contain information from "AT&T employees" confirming that voicemail calls that are not answered do not appear on AT&T bills because the customer is not billed for those calls. *See* https://forums.att.com/conversations/wireless-billing/how-may-i-view-missedunanswered-calls-to-my-mobile-online-or-my-bill/5df00e24bad5f2f60610e87c (last accessed March 11, 2024); https://forums.att.com/conversations/wireless-billing/why-dont-voicemails-appear-on-the-bill/5deff972bad5f2f606b42f05 (last accessed March 11, 2024); https://www.att.com/support/article/wireless/KM1042099/ (last accessed March 11, 2024).

the parties agreed to file the joint Case Management Order. DE 27. The parties also agreed to extend the time for Plaintiff to respond to the Motion to Dismiss so that they could continue to discuss resolution, including the possibility of limited jurisdictional discovery and provide the Parties enough time to potentially resolve this action. DE 25. However, instead of continuing those discussions, Defendant filed the present motion—despite the Parties having previously discussed extending the safe harbor time period along with the time to respond to the Motion to Dismiss. *Id.*, ¶ 23. Finally, defense counsel is evidently also of the opinion that further fact finding *is* warranted because, on March 1, 2024, it propounded discovery on Plaintiff and notice that it would be seeking third-party discovery from AT&T. *Id.*, ¶ 24.

## STANDARD OF REVIEW

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Menendez v. Signature Consultants, LLC*, 2011 WL 6179727, at *1 (S.D. Fla. Dec. 13, 2011) (quotation omitted). A movant must meet a "steep burden required to impose sanctions [u]nder Rule 11." *Emergency Recovery, Inc. v. Hufnagle*, 2019 WL 9089594, at *1 (M.D. Fla. June 12, 2019) (finding no basis for an award of Rule 11 sanctions and inviting respondent to file motion for attorney's fees). "All doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper. Thus, the burden of proof as to whether the signer [h]as violated Rule 11 is on the Rule 11 movant." *Id*. Rule 11 sanctions are appropriate only: (i) when a party files a pleading that has no reasonable basis; (ii) when the party files a pleading that is based on a legal

11

theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law and (iii) when the party files a pleading in bad faith for an improper purpose. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993). As is particularly pertinent here, "Rule 11 sanctions are not appropriate merely because factual disputes regarding allegations in a pleading exist." *Mitchell v. Int'l Consol. Cos., Inc.*, 2014 WL 6997609, at *5 (S.D. Fla. Dec. 10, 2014).

## ARGUMENT

### I.  THERE IS ABSOLUTELY NO BASIS FOR THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF OR HIS COUNSEL.

#### A.  There is Ample Evidence to Support Plaintiff's Claim.

As detailed in Plaintiff's opposition to Defendant's motion to dismiss, the Complaint sufficiently alleges individual and representative claims against Defendant for violation of the TCPA. *See* DE 29. The Complaint's allegations are based in fact and on a straightforward legal theory that survives a 12(b)(6) motion to dismiss.[5] *Id.* at 8-10. Plaintiff filed his complaint to obtain relief for himself and for class members who have suffered harm as result of Defendant's unlawful conduct. Despite defense counsel's best efforts to muddy the record, Plaintiff does not pursue his claim for an improper purpose and Defendant's Motion for Sanctions should be denied as baseless.

Plaintiff has set forth and provided substantial evidence supporting his claim against CR Fitness. In the Complaint, Plaintiff identified the date and time when he

---

[5] Plaintiff has agreed to withdraw Count II which alleges a violation of 47 U.S.C. § 227(c), which precludes entities from making telephone solicitation calls to members of the do-not-call registry like Plaintiff.

received the prerecorded call, identified the number that made the call (assigned to CR Fitness), included a screenshot of the voicemail log demonstrating the date and time the call was made and the source of that call, a transcript of the contents of the prerecorded call, articles evincing Defendant CR Fitness' marketing the open of its location in Plano, Texas and corroborating evidence that others received similar unwanted calls from the same number at the same time. *See* Compl., ¶¶ 19-28.

After the Complaint was filed, Plaintiff produced additional evidence including a screenshot of his call log, a recording of the voicemail and a video of Plaintiff playing the voicemail recording which matched the transcript in the Complaint and identified Defendant as the source of the call. *See* Ex. A., ¶¶ 7, 22. The evidence supports Plaintiff's claim such that Defendant's Motion is without merit. *See Ayala v. Nissan N. Am., Inc.*, 2021 WL 2474435, at *1 (M.D. Fla. Mar. 8, 2021) (denying Rule 11 sanctions motion which repeated arguments from a pending motion to dismiss).

### B.   CR Fitness' Argument Regarding Ascertainability is Nonsensical and Inappropriate for this Motion.

After ignoring the factual evidence supporting Plaintiff's claim and asserting that it could not possibly have made the call in question, CR Fitness applies a bit of circular logic in next asserting that everyone it *did* call provided "express written consent." Mot. at 10-11. As Defendant puts it: "[e]ither Plaintiff provided express written consent for CR Fitness to contact him (in which case his information would be in CR Fitness's database), or CR Fitness did not call him." *Id*. at 11. Of course, as the Complaint alleges and the evidence demonstrates, CR Fitness did call Plaintiff and

Plaintiff did not consent to that call.

Though there are no evidentiary cites in this section of Defendant's brief, we can only assume that the basis for its consent argument is the affidavit of Defendant's Chief Marketing Officer. *See* DE 28-1. There, Ms. Lanese describes Defendant's attempts to obtain consent to bulk text individuals through QR codes and social media links that direct individuals to a web form where they opt in to receiving messages from CR Fitness. *Id.*, ¶¶ 6-9. [6] According to Defendant, the information of those who filled out the form went into a database and then on October 6, 2023 CR Fitness made prerecorded calls to the individuals in that data base. *Id.*, ¶ 9-10. So, when Ms. Lanese checked that database and apparently did not find Plaintiff's phone number, Defendant found this inquiry sufficient to seek dismissal of Plaintiff's claim *and* to seek sanctions. The issue with Defendant's argument (such as it is) is that Plaintiff admittedly did not provide prior express written consent to Defendant.

But the Affidavit does not demonstrate that the call was not made to Plaintiff, as CR Fitness claims. Instead, it only establishes that CR Fitness has purportedly *not yet found the source of the call at issue*. Given the fact that the only factual evidence

---

[6] There is also a genuine question as to whether *any* of the individuals who received the prerecorded call provided actual consent. Though the affidavit contains the message individuals received *after* purportedly providing consent, it does not include the language that individuals saw *when* they provided consent. That language was included in Defendant's November 3, 2023 letter to Plaintiff and reads: "you are providing your electronic signature and express written consent to receive **SMS marketing text messages from Crunch**." Ex. A, ¶¶ 9-11. Thus, where CR Fitness managed to secure putative consent from individuals, it was only to send "SMS marketing text messages" and *not* the pre-recorded calls that Plaintiff and Class Members received from Defendant. Even where a Class Member used the web form to provide consent, consent was insufficient as to the pre-recorded calls.

obtained in the suit thus far, rather than the absence of evidence that CR Fitness is standing on, supports the assertion that the call was made, the weight of evidence suggests that this illegal pre-recorded call was not an isolated mistake but rather part of CR Fitness' marketing campaign.

Defendant concludes its argument by asserting that, without a record of the call, there will be no way to identify the class. Mot. at 11. Not only does ascertainability have no bearing on a sanctions analysis, it has no relevance at all at this stage of the case. Ascertainability is an issue for class certification, as demonstrated by the case Defendant cites, *Sliwa v. Bright House Networks, LLC*, an order addressing a *class certification motion* wherein the court found that it could not ascertain a TCPA wrong number class without individual inquiry. *See* 333 F.R.D. 255, 272 (M.D. Fla. 2019).

### C.     CR Fitness' Bad Faith Argument Contains Misrepresentations and Demonstrates Bad Faith in Bringing this Sanctions Motion

Plaintiff's claim is supported by ample factual evidence and Defendant does not argue that that Plaintiff's legal theory is unreasonable. Plaintiff filed and continues to pursue his claim for a proper purpose, namely to obtain relief for Plaintiff and class members who received prerecorded calls in violation of the TCPA. Despite this and exhibiting deliberate indifference to the evidence Plaintiff presented, Defendant now asserts that Plaintiff's claims are being pursued in bad faith. *See* Mot. at 11-13.

CR Fitness claims that it has conducted an "exhaustive investigation" but the facts—even the self-serving ones that Defendant has put forth in its declaration— simply do not bear that out. According to Defendant's own explanation, CR Fitness

looked for Plaintiff's number in the most obvious places: (i) the database of users who supposedly provided their information to Defendant, (ii) the Plano, Texas phone records, (iii) irrelevant cell phone numbers used in the Plano location and (iv) the member database. *See* DE 28-1, ¶ 13. However, based on the Complaint alone, Defendant knows that Plaintiff did not consent to the call thus there would be no record of Plaintiff in its "database of users who supposedly provided their information to Defendant." Moreover, since Plaintiff has never been a member of any Crunch Fitness, his information would not be in the member database. And, since the calling number was assigned to Defendant, Plaintiff was clearly not called by a random cell phone number. Defendant's irrefutable evidence is two phone records, one of which includes no indications of where the record came from and the other is for a number that is different from the one that made the call to Plaintiff. *See* Ex. A, ¶¶ 19-20.

There is no explanation of how C.R. Fitness' database(s) were searched, the names of C.R. Fitness' lead generation and calling vendors, why we are to believe that this was Defendant's "sole vendor" or that the prerecorded call was not made from any other CR Fitness phone. There has been no opportunity to question the vendor(s), to depose Ms. Lanese, to request documents, take corporate depositions or determine who else was involved in the marketing of the Plano location. Plaintiff has not even been provided all of the records that Ms. Lanese supposedly searched or the opportunity to question the source, veracity or context of the redacted phone records that Defendant has provided. We are to take Defendant at its word that there could

not possibly be, for instance, another list of numbers from which the calls originated or a second set of calls placed by the sole vendor or another vendor. *See* Compl., ¶ 28. The fact that Defendant would move to dismiss on such flimsy arguments is disheartening but the fact that Defendant would seek sanctions is moreso.[7]

To support its accusations of bad faith, CR Fitness relies on misrepresentations regarding Plaintiff's conduct. Specifically, Defendant accuses Plaintiff's counsel of "refus[ing] to produce Plaintiff's [phone] records without explanation." Mot. at 12. First, Plaintiff produced, all of the proof he had that the call was received and that the source of the call was Defendant despite the fact that it was under no discovery obligation to do so. *See* Ex. A, ¶¶ 13, 22.

Plaintiff did not refuse to produce his phone records with no explanation as defense counsel has represented to the Court. Instead, plaintiff's counsel discussed with defense counsel that the call did not appear on Plaintiff's phone bill because the prerecorded phone call had gone straight to voicemail without having used any data— thus Plaintiff had not been billed for the call. *See* Ex. A, ¶ 17. Plaintiff's counsel explained to defense counsel that Plaintiff had learned this information after speaking to AT&T. *Id.* Plaintiff's counsel also informed defense counsel that, in order to obtain more information from AT&T about the source of the call, that AT&T required a

---

[7] Defendant, in a footnote, is incredulous that Plaintiff would reject the veracity of the redacted phone records it produced but has no answer for why it has rejected the evidence Plaintiff has produced. That is, video evidence, audio recordings and screenshots that are corroborated by Defendant's own admission that it sent the very prerecorded call saved on Plaintiff's voicemail on the date and time that Plaintiff received that call. *See* Ex. A, ¶¶ 13, 22; DE 24-1, ¶¶ 5, 10-11.

subpoena. *Id.* On the same day that Defendant filed this Motion, it provided notice of an overbroad subpoena it intends to serve on AT&T ***despite being so certain that the call was not placed that it has requested sanctions for Plaintiff's and his counsel's conduct***. It is untrue to represent that Plaintiff's counsel refused to produce Plaintiff's phone records. And it is improper to call Plaintiff's conduct bad faith when it had already produced the evidence in its possession. Finally, defense counsel has the temerity to characterize the phone records it produced as "unrebutted evidence" while threatening Plaintiff with sanctions before Plaintiff has the opportunity to examine and rebut that evidence through discovery. Plaintiff made a good faith filing of the action and the issues Defendant raises go to issues that can be resolved through discovery. Defendant's patently self-serving and baseless motion for sanctions should be denied.

## II. DEFENDANT AND DEFENSE COUNSEL SHOULD BE SANCTIONED FOR FILING THE RULE 11 MOTION FOR AN IMPROPER PURPOSE.

Defendant had no reasonable basis for the filing of its Motion. Instead, Defendant filed it for the improper purposes of harassing Plaintiff into dismissing his well-pleaded Complaint, to avoid discovery by Plaintiff into the source of the unlawful prerecorded call, to intimidate Plaintiff into dropping his claim before responding to Defendant's motion to dismiss, to vexatiously multiply the proceeding in this case in order to force Plaintiff to spend time and expense to respond and to influence this Court into dismissing Plaintiffs claims for lack of subject matter jurisdiction.

Upon the filing of a Rule 11 motion, "the court may award to the prevailing party the reasonable expenses, including attorney's fees incurred for the motion."

18

FED.R.CIV.P.11(c)(2). "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (citing FED.R.CIV.P. 11(b)(1)). "Ordinarily, this *does not require a cross-motion for sanctions*, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion." *Smith*, 750 F.3d at 1260 (emphasis added). "Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id.*

Defendant's sanctions motion is bereft of any legal or evidentiary basis. Rather, the Motion is replete with misrepresentations and is contradictory in that it insists that the Court and Plaintiff take its phone record evidence regarding the call as true while ignoring both the well-pled allegations in the Complaint and the significant evidence that Plaintiff has presented. There is no discussion of the TCPA as Defendant neither cites to the statute nor discusses the relevant case law. ***Perhaps not surprisingly, Defendant does not include a declaration from its counsel regarding the averments it makes against Plaintiff and undersigned counsel in its Motion.*** The fact that the Motion fails to meet the standard for seeking sanctions under Rule 11, ignores the factual evidence supporting Plaintiff's claim, was filed prior to discovery and corresponding with Plaintiff's deadline to respond to the motion to dismiss, all indicates that the motion was filed for an improper purpose.

Unfortunately, the misguided ease with which Defendant's counsel has hurled Rule 11 accusations against Plaintiff and undersigned counsel—particularly after

Plaintiff produced substantial evidence supporting his claims and continued to cooperate and to communicate with defense counsel throughout the course of this case—indicates that they are engaging in precisely the sort of behavior condemned by the Eleventh Circuit. Simply put, Rule 11 is not a weapon for intimidating or browbeating undersigned counsel to withdraw a pleading or a case with which Defendant disagrees. And it is not a procedural artifice to be used to avoid having to enter into bilateral discovery or to attempt to influence the Court by way of a summary judgment motion dressed up as a Rule 11 motion. Plaintiff should be awarded fees and costs for responding to the Motion in order to deter Defendant and defense counsel from such deleterious conduct in the future. *See, e.g.*, *Claudet v. First Fed. Credit Control, Inc.*, 2015 WL 7984410, at *3 (M.D. Fla. Nov. 17, 2015) (finding motion for sanctions filed for an improper purpose and requiring defense counsel to pay plaintiff's reasonable expenses); *Selwyn v. Bruck L. Offs., S.C.*, 2020 WL 13598627, at *4 (M.D. Fla. Aug. 19, 2020) (awarding attorney's fees to respondent because moving party filed the Rule 11 Motion for an improper purpose).

## CONCLUSION

Defendant's motion for sanctions is completely bereft of any factual or legal basis. Plaintiff therefore respectfully requests this Honorable Court to (i) deny the motion in its entirety, (ii) award his counsel's costs and fees incurred in having to respond to the Motion as the "prevailing party" under FED.R.CIV.P.11(c)(2) and (iii) order all such other relief as is equitable and just.

Dated: March 25, 2024

By: */s/ Matthew J. Langley*
Matthew J. Langley
Florida Bar No. 97331
David S. Almeida*
Britany A. Kabakov*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
matt@almeidalawgroup.com
david@almeidalawgroup.com
brtiany@almeidalawgroup.com

*COUNSEL FOR PLAINTIFF*
*& THE CLASS*

*\*pro hac vice* admission

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

*/s/ Matthew J. Langley*
Matthew J. Langley