# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BEN DAVIS, *individually and*
*on behalf of all others similarly situated*,

        Plaintiff,                Case No. 8:23-CV-02333

v.

CR FITNESS HOLDINGS, LLC,

        Defendant.
_____/

### DECLARATION OF MATTHEW J. LANGLEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

I, Matthew J. Langley, hereby aver, pursuant to 28 U.S.C. 1746, that I am fully competent to make this Declaration, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and that I would testify to all such matters if called as a witness in this matter.

1. I am a Partner at Almeida Law Group, LLC, Plaintiff and putative class counsel in this action. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for Sanctions, filed herewith.

2. I am a member in good standing of the New York, Florida, Illinois, and California Bars; the United States District Courts for the Southern District of New York, the Central District of California, the Southern District of Florida and the Middle District of Florida; and the United States Court of Appeals for the Seventh

Circuit and the Eleventh Circuit.

3. On October 13, 2023, Plaintiff filed this putative class action lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") based on his receipt of an unsolicited call announcing the opening of a CR Fitness location near his home in Plano, Texas.

4. Counsel for Defendant CR Fitness Holdings, LLC ("CR Fitness" or "Defendant") first made contact with Plaintiff's counsel five days after the Complaint was filed. In that first communication, defense counsel informed Plaintiff's counsel that they had found that an individual with the number ending in "3258 had provided prior consent" to "receive SMS text alerts from Crunch" and requested that Plaintiff share his full telephone number.

5. Undersigned counsel responded the very next day to (i) correct defense counsel that the last four digits of Plaintiff's number was not "3252" but was 3278 as had been clearly alleged in the filed Complaint and (ii) provide Plaintiff's full telephone number.

6. Defense counsel reached out to Plaintiff's counsel again on October 25, 2023 to state that they had their "client check its systems so we could provide a consent" but had been unable to locate a record of the call and to request that Plaintiff confirm the call was made and forward the voicemail message to defense counsel.

7. Two days later, undersigned counsel, after again conferring with Plaintiff's counsel, provided defense counsel both a screenshot of the voicemail page and recording of the voicemail Plaintiff received, confirming that Plaintiff had received

the prerecorded call on the data and time alleged and that the call came from Defendant.

8. The voicemail recording produced by Plaintiff transmitted the following message in English and then again in Spanish:

> It's Crunch time! Our Plano location is having their one day only cyber sale starting 12:01 a.m. October 7th. Only the first 500 members will receive our founders rate and free Crunch flag. Sign up at CrunchPlano.com and don't forget to tell your friends

9. On November 3, 2023, defense counsel sent undersigned counsel a letter reiterating its inability to locate the call and demanding that the Complaint be dismissed "to avoid further motion practice and needless expense incurred on these issues." The majority of Defendant's letter dealt with its system for obtaining consent from customers to "receive SMS marketing text messages" and arguing that Defendant's membership agreement binds its members to submit claims to arbitration.

10. Defendant acknowledged that they had no record that Plaintiff was a member of Crunch Fitness or that he had provided consent to receive text messages or prerecorded.

11. The consent language Defendant include in its November 3, 2023 letter to Plaintiff reads in part: "you are providing your electronic signature and express written consent to receive SMS marketing text messages from Crunch."

12. On November 10, 2023, undersigned counsel responded to Defendant's November 3, 2023 letter by pointing out that the Complaint's allegations are more

than sufficient to state a claim, the factual evidence that Plaintiff provided to Defendant supports Plaintiff's claim and Plaintiff did not consent to any calls nor is he a member of any Crunch or CR Fitness location and therefore he is not bound by the terms of Defendant's membership agreement.

13. Plaintiff attached to the response letter the already produced recording of the voicemail and screenshot of the voicemail log as well as a screenshot of the call log that showed Plaintiff receiving a missed call from the number ending in 1660 on October 6, 2023 at 12:33 p.m.

14. Plaintiff's November 10, 2023 letter also responded to defense counsel's suggestion that the voicemail had been received by Plaintiff as a result of the call being forwarded to Plaintiff's phone from another number. Plaintiff's counsel stated in its Response Letter that it conferred with Plaintiff who was unequivocal in stating that he did not have any calls forwarded to his phone number ending in 3278 from any other number.

15. Plaintiff's November 10, 2023 letter further explained that Plaintiff called Defendant's number ending in 1660 on November 2, 2023, three weeks after his Complaint was filed. As Plaintiff's counsel explained in its Response Letter and in subsequent conversations with defense counsel, after Defendant continued to insist that it had no record of the call in question, Plaintiff placed the call to confirm that the source of the number was the Crunch Fitness location in Plano, Texas owned by Defendant. Plaintiff made the call, confirmed that the number belonged to CR Fitness and hung up before speaking with anyone. As Plaintiff relayed to Defendant in

4

November 2023, this call was made post-filing and is irrelevant to the allegations in the Complaint.

16. Following Plaintiff's response to Defendant's letter, counsel for the parties continued to meet and confer amicably. After affording Defendant the courtesy of a five-week extension of its responsive pleading deadline, Plaintiff confirmed to defense counsel that the number in the Complaint was the only number that Plaintiff used, Plaintiff's email address and that Plaintiff did not use call forwarding.

17. During calls between the parties, defense counsel, rejecting Plaintiff's proof of the call, proposed several scenarios to try to explain how Plaintiff obtained the proof of the call that he had produced. Among these were that Plaintiff took a photo of someone else's call log or that he consented to receive calls from CR Fitness by providing information regarding someone else's phone number or that a competitor had spoofed the CR Fitness campaign. Plaintiff's counsel shared these accusations with Plaintiff who vigorously denied each of them.

18. The parties discussed obtaining Plaintiff's phone records to further establish the source of the prerecorded call. Plaintiff informed defense counsel that Defendant's call to Plaintiff's cellular telephone did not appear on his AT&T bill because it—having gone straight to voicemail—did not use Plaintiff's data. Plaintiff confirmed this in conversations with AT&T and through independent research. Plaintiff also informed defense counsel that, in order to access phone records from AT&T directly, AT&T required a subpoena and, to access certain data, a court order.

19. The parties also discussed Defendant producing the phone records it had

5

referenced to support its assertion that it did not make the call to Plaintiff.

20. Finally, on January 11, 2024, defense counsel produced heavily redacted phone records The first phone record purports to be "a list of all outgoing calls made from CR Fitness' Plano, TX, location on October 6th, 2023 from the number ((214) 910-1660) . . . from 12:31 PM to 12:38 PM." The first phone record redacts all but seven minutes worth of calls, does not identify the source of the records and reflects calls made from 1:31 to 1:38 p.m. on October 6, 2023—not 12:33 p.m. when Plaintiff received his call.

21. The second phone record purports to be "a list of outgoing cell phone calls made from CR Fitness on October 6th, 2023." This second phone record is a heavily redacted cell phone bill that leaves unredacted only calls made and received from a cell phone number ending 3619—not the number identified as placing the prerecorded call to Plaintiff.

22. On February 21, 2024, Defendant served its Rule 11 Notice Letter and attached a copy of its Motion for Sanctions. During the ensuing 21 days, counsel for the parties discussed investigation of the claims as well as possible resolution of the case. Those talks continued up until March 1, 2024 when the parties agreed to file the joint Case Management Order. The parties also agreed to extend the time for Plaintiff to respond to the Motion to Dismiss, so that they could continue to discuss resolution of the factual disputes including the possibility of limited jurisdictional discovery and give the Parties time to potentially resolve this action.

23. On February 22, 2024, Plaintiff produced to Defense counsel a video of

6

Plaintiff (i) opening his cell phone to the home screen, (ii) navigating to "settings," showing that his full name is identified on the phone, (iii) showing that the number ending in 3278 is the number of the cell phone in the video, (iv) navigating to his voicemail page which shows that a 39-second voicemail from the number 214-910-1660 was received on October 6, 2023 at 12:33 p.m. and (v) playing the prerecorded voicemail at issue in full.

24. However, instead of continuing those discussions, on March 1, 2024, Defendant filed its Motion for Sanctions despite the parties having previously discussed extending the safe harbor time period for the same two weeks it extended the deadline for the time to respond to the Motion to Dismiss.

25. Also on March 1, 2024, Defendant propounded discovery on Plaintiff, including interrogatories, requests for production and notice that it would be seeking third-party discovery from AT&T in the form of a subpoena or order from the court.

26. On March 13, 2024, Plaintiff's counsel notified defense counsel that it had included Plaintiff's full personal phone number in its Motion to Dismiss and requested that Defendant refile the motion and redact all but the last four digits of Plaintiff's phone number. Defense counsel refused.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of March 2024 at Chicago, Illinois.

_____
Matthew J. Langley