IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BEN DAVIS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CR FITNESS HOLDINGS, LLC,<br><br>　　　　Defendant. | CASE NO.: 8:23-CV-02333 |

## ANSWER AND AFFIRMATIVE DEFENSES

In response to Plaintiff Ben Davis's Amended Complaint ("Plaintiff"), Defendant CR Fitness Holdings, LLC ("CRFH") files its Answer and Affirmative Defenses, stating as follows:

### NATURE OF THE ACTION

1.　Paragraph 1 consists of a quotation from a Supreme Court case to which no response is required.

2.　Paragraph 2 consists of a description of the Telephone Consumer Protection Act ("TCPA"). CRFH states that the TCPA speaks for itself and denies the allegations in Paragraph 2 to the extent they are inconsistent with the TCPA.

3.　Denied.

### PARTIES

4.　CRFH is without sufficient information to admit or deny the allegations in Paragraph 4.

5. Admitted.

6. Admitted.

## JURISDICTION & VENUE

7. CRFH denies Plaintiff has established entitlement to bring a class action but admits Plaintiff alleges violations of the TCPA. CRFH denies any remaining allegations in Paragraph 7.

8. Admitted.

9. CRFH states that the phrase "emanated from Tampa, Florida" is vague and ambiguous, and so CRFH can neither admit nor deny this allegation. CRFH denies the remaining allegations in Paragraph 9.

10. Admitted for venue purposes only; otherwise, the allegations of Paragraph 10 are denied.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. Paragraph 11 consists of a description of the TCPA. CRFH states that the TCPA speaks for itself and denies the allegations in Paragraph 11 to the extent they are inconsistent with the TCPA.

12. Paragraph 12 consists of a description of the TCPA. CRFH states that the TCPA speaks for itself and denies the allegations in Paragraph 12 to the extent they are inconsistent with the TCPA.

13. Paragraph 13 consists of a description of the TCPA. CRFH states that the TCPA speaks for itself and denies the allegations in Paragraph 13 to the extent they are inconsistent with the TCPA.

14. Paragraph 14 consists of a description of an FCC Order. CRFH states that the FCC Order speaks for itself and denies the allegations in Paragraph 14 to the extent they are inconsistent with the FCC Order.

15. Denied.

16. Denied.

## FACTUAL ALLEGATIONS

17. Admitted.

18. CRFH denies it is engaged in an aggressive expansion plan. CRFH states that the two articles cited in Paragraph 18 speak for themselves and denies the allegations in Paragraph 18 to the extent they are inconsistent with the articles.

19. Admitted.

20. Denied.

21. Denied.

22. CRFH is without sufficient information to admit or deny the allegations in Paragraph 22, and therefore denies them.

23. Denied.

24. CRFH is without sufficient information to admit or deny the allegations in Paragraph 24, and therefore denies them.

25. Paragraph 25 consists of a quotation of the prerecorded message. CRFH states that the message speaks for itself and denies the allegations in Paragraph 25 to the extent they are inconsistent with the message.

26. CRFH is without sufficient information to admit or deny the allegations in Paragraph 26, and therefore denies them.

27. Denied.

28. In response to the allegations in Paragraph 28, CRFH states that it employs a vendor to place a pre-recorded telephone message and that it has access to the vendor's transmission reports. CRFH denies any pre-recorded telephone message was placed by CRFH or its vendor to Plaintiff and denies all class allegations.

29. CRFH denies it placed a prerecorded sales or marketing call to Plaintiff's cellular telephone number. CRFH only places calls to numbers that have provided prior express written consent, and on that basis denies the allegations in Paragraph 29.

30. CRFH denies it placed a prerecorded sales or marketing call to Plaintiff's cellular telephone number, and is without sufficient information to admit or deny the allegations in Paragraph 30, and therefore denies them.

31. Denied

32. Denied.

## CLASS ALLEGATIONS

33. Paragraph 33 consists of a description of Plaintiff's intent to bring a class action. CRFH denies Plaintiff should be permitted to bring a class action and denies there are any other "similarly situated persons pursuant to Federal Rule of Civil Procedure 23." To the extent any further response is required, CRFH denies the allegations in Paragraph 33.

34. Paragraph 34 consists of a description of Plaintiff's proposed class. CRFH denies Plaintiff should be permitted to bring a class action on behalf of any class, including the proposed "TCPA Class."

35. Paragraph 35 consists of a description of Plaintiff's proposed class. CRFH denies Plaintiff should be permitted to bring a class action on behalf of any class, including the proposed "TCPA Class."

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. CRFH is without sufficient information to admit or deny the allegations in Paragraph 43, and therefore denies them.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Paragraph 48 consists of a description of the relief sought by Plaintiff. CRFH denies Plaintiff is entitled to any relief under this Amended Complaint on an

individual basis or as a representative of the proposed "TCPA Class" or any other class.

49. Denied.

## COUNT I
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### (*On Behalf of Plaintiff and the TCPA Class*)

50. CRFH incorporates by reference its responses to the foregoing paragraphs.

51. Paragraph 51 consists of a quotation from the TCPA. CRFH states that the TCPA speaks for itself and denies the allegations in Paragraph 51 to the extent they are inconsistent with the TCPA.

52. Paragraph 52 consists of a quotation from FCC regulations. CRFH states that the regulations speak for themselves and denies the allegations in Paragraph 52 to the extent they are inconsistent with the regulations.

53. Paragraph 53 consists of a quotation from FCC regulations. CRFH states that the regulations speak for themselves and denies the allegations in Paragraph 53 to the extent they are inconsistent with the regulations.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, including the subparagraphs numbered (a) through (f), CRFH denies that Plaintiff is entitled to any damages or other relief on an individual or class basis.

## DEMAND FOR JURY TRIAL

CRFH acknowledges that Plaintiff has demanded a trial by jury on all issues so triable. CRFH does not itself demand a trial by jury.

## AFFIRMATIVE DEFENSES

CRFH asserts the following defenses without assuming the burden of any such defense that would otherwise rest on Plaintiff and with the express reservation of right to amend or supplement its Answer or Affirmative Defenses as further information is gathered in this case.

### First Affirmative Defense (Lack of Standing)

Plaintiff lacks standing to pursue the claims and allegations in the Complaint.

### Second Affirmative Defense (Failure to State a Claim)

Plaintiff has failed to state any claim upon which relief may be granted.

### Third Affirmative Defense (Lack of Transmission)

Without assuming the burden of proof, CRFH never initiated the transmission of any pre-recorded message to the phone number set out in Plaintiff's Amended Complaint.

### Fourth Affirmative Defense (Comparative or Contributory Fault)

Plaintiff is comparatively or contributorily at fault for any alleged damages.

### Fifth Affirmative Defense (Failure to Mitigate Damages)

If Plaintiff suffered any damages as a result of facts alleged in his Complaint, which CRFH denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

### Sixth Affirmative Defense (Lack of Proximate Causation)

Plaintiff's alleged damages were proximately caused by the acts or omissions of third parties and not by the acts or omissions of CRFH.

### Seventh Affirmative Defense (Economic Loss Rule)

Plaintiff's claims are barred by the economic loss rule.

### Eighth Affirmative Defense (Statute of Limitations or Laches)

Some or all of the claims in the Complaint are barred by the statute of limitations and/or laches.

### Ninth Affirmative Defense (Estoppel)

Plaintiff's claims are estopped, judicially estopped and/or should be equitably estopped by virtue of his own acts and/or the acts or omissions of others chargeable to him.

### Tenth Affirmative Defense (Unclean Hands)

The Complaint should be barred due to the unclean hands of Plaintiff, by virtue of his own acts and/or the acts or omissions of others chargeable to Plaintiff.

**Eleventh Affirmative Defense (Adequate Remedy at Law)**

Plaintiff's request for injunctive relief is barred because to the extent his claims have merit, which CRFH denies, Plaintiff has an adequate remedy at law for damages.

**Twelfth Affirmative Defense (Lack of Commonality and/or Typicality)**

Without assuming the burden of proof, Plaintiff's claims do not involve questions of law or fact common to members of the purported class and/or typical to any claims of members of the purported class, and so the class allegations in the Amended Complaint are due to be struck.

**Additional Affirmative Defenses**

CRFH reserves the right to amend and supplement its affirmative defenses as the case progresses to include any applicable defense of law or fact.

WHEREFORE, CRFH respectfully requests the Court deny Plaintiff his requested relief and award CRFH such relief as the Court may deem just and appropriate.

Respectfully submitted:

| | |
|---|---|
| */s/ Alexis Buese* | */s/ Stephen C. Parsley* |
| Alexis Buese (Fla. Bar No. 95777) | Stephen C. Parsley (Fla. Bar No. 117884) |
| Jacob Hanson (Fla. Bar No. 91453) | BRADLEY ARANT BOULT CUMMINGS LLP |
| BRADLEY ARANT BOULT CUMMINGS LLP | 1819 Fifth Avenue North |
| 100 North Tampa Street, Suite 2200 | Birmingham, AL 35203 |
| Tampa, FL 33602 | Telephone: (205) 521-8675 |
| Telephone: (813) 559-5500 | Fax: (205) 448-6675 |
| Fax: (813) 229-5946 | Primary email: sparsley@bradley.com |
| Primary Email: abuese@bradley.com | Secondary email: vrobertson@bradley.com |
| Primary Email: jhanson@bradley.com | |

***Counsel for CR Fitness Holdings, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify on June 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

/s/ *Alexis A. Buese*
Alexis A. Buese