IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BEN DAVIS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) CASE NO.: 8:23-CV-02333-SDM-<br>) AEP |
| v. | )<br>) |
| CR FITNESS HOLDINGS, LLC, | )<br>) |
| Defendant. | ) |

**CR FITNESS HOLDINGS, LLC'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26, Defendant CR Fitness Holdings, LLC ("CR Fitness" or the "Defendant") moves for a Protective Order with respect to the Rule 30(b)(6) deposition notice filed by Plaintiff Ben Davis ("Plaintiff") and states as follows:

**NOTICE OF TIME SENSITIVITY PER LOCAL RULE 3.01(e)**

Pursuant to Local Rule 3.01(e), CR Fitness has designated this motion as time-sensitive because it seeks relief from overbroad topics that Plaintiff has designated for a Rule 30(b)(6) deposition of CR Fitness, noticed for September 12, 2024. CR Fitness requests a ruling by September 11, 2024 so that its representative may not be subjected to the overbroad topics at the deposition.

## INTRODUCTION

Plaintiff's Rule 30(b)(6) deposition notice to CR Fitness reflects a continued effort to expand the scope of this case far beyond anything he has standing to pursue individually or on behalf of any purported class. Many of the topics that Plaintiff demands CR Fitness' corporate representative be prepared to testify about are irrelevant to the case, as they relate to theoretical robocalls made from phone numbers other than the one ending in 1660 that Plaintiff alleges called him (the "1660 Number")—hypothetical calls that, if they existed at all, could only have been made by different CR Fitness locations operated and managed by different individuals that conducted different advertising campaigns at different times.

Because the topics in Plaintiff's 30(b)(6) notice and the categories of documents he demands CR Fitness' representative bring to the deposition are overbroad, unduly burdensome, and not proportionate to the needs of the case, the Court should enter a protective order relieving CR Fitness from any obligation to testify to the topics beyond the scope of this case or to bring copies of documents not relevant to Plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this case October 13, 2023, alleging that "on or about October 6, 2023, Defendant made an unsolicited and unconsented prerecorded voice call from a phone number ending in 1660 to Plaintiff's cellular telephone Number ending in 3278." ECF No.1 at ¶ 23. The message, according to Plaintiff, states in part: "It's Crunch time! Our Plano location is having their one day only cyber sale starting 12:01 a.m. October 7th." *Id.* at ¶ 25. Plaintiff does not allege any other voice

recordings from any location other than Plano, or from any other number than the 1660 Number.  *See* ECF. No. 41 at ¶¶ 21-25.

As alleged in the Amended Complaint, CR Fitness is a "franchisee of Crunch Fitness gyms, with more than 40 clubs across Florida, Georgia, North Carolina and Texas, including the Crunch Fitness located in Plano, Texas." *Id.* at ¶ 6.  CR Fitness was "looking forward to bringing the exciting and inclusive Crunch workout experience to the community surrounding our newest location in Plano." *Id.* at ¶ 19.  To promote the new Plano gym, CR Fitness purportedly placed a call to Plaintiff to "promote and advertise the sale of memberships for its Crunch Plano location." *Id.* at ¶ 20.

On February 9, 2024, Defendant filed a Motion to Dismiss and Strike the Class Allegations, and on March 1, 2024, Defendant filed a Rule 11 Motion for Sanctions on the grounds that CR Fitness never called Plaintiff.  *See* ECF No. 28 at 1-5. CR Fitness conducted a thorough search of the relevant call records and found that Plaintiff's phone number appears *nowhere*. ECF No. 24-1 (Aff. of Kendall Lanese) at ¶¶ 13-18.  Further, CR Fitness moved to strike the class allegations "because Davis's proposed class is 'overbroad' and requires an 'individualized' assessment of each class member of the proposed class." ECF No. 40 at 3.  The Court denied the Motions, but in so doing noted that "[d]iscovery might resolve whether the call occurred, but resolution appears premature."  ECF No. 40 at 2.

3

With respect to striking the class allegations the Court held it was "DENIED AS PREMATURE." *Id.* at 3.

Accordingly, CR Fitness endeavored to take all necessary steps to establish through discovery that it had no record of a call to Plaintiff's phone number. By promptly providing the necessary documents, CR Fitness aimed to resolve any disputes early, leading to a quicker resolution of claims. Accordingly, CR Fitness produced CRF-0001 to CRF-0351 in May, which included the CallFire records for CR Fitness' Plano location, a summary of CR Fitness' relevant Verizon bill, records from a platform called VFPNext that contain all phone numbers that were loaded into CallFire, and other documents related to CR Fitness' CallFire account.[1] Ex. 1, Declaration of Alexis M. Buese ("Buese Decl."), at ¶ 4. Once this discovery was turned over to Plaintiff, he could see for himself, as had Defendant, that there was no record of a call to his phone number in CR Fitness records. From receipt of these productions until August 20, Plaintiff propounded no further discovery. Buese Decl. at ¶ 5. And no meet-and-confer took place on the documents that had been produced. *Id.*

## THE DEPOSITION NOTICE

After waiting over four months, and only a month before the close of discovery, Plaintiff served a notice pursuant to Rule 30(b)(6) on August 22, 2024 for a deposition

---

[1] CallFire is the vendor that CR Fitness used for its Plano fitness marketing campaign. *See* ECF No. 24-1 at ¶ 11. CallFire lets the user, *i.e.*, CR Fitness, upload a list of opt-in recipients, compose a message and schedule the broadcast for a time the user's choosing.

4

of a corporate representative of CR Fitness to take place on September 12, 2024. The deposition notice is attached to this motion as Exhibit 2. The deposition notice demands that CR Fitness' representative be prepared to testify to 21 enumerated topics. While some of the requests are reasonable and proportionate, others stretch far beyond the scope of claims Plaintiff has standing to pursue and relate to matters that would not be relevant to the claims of any certifiable class.[2]

Specifically, many of Plaintiff's enumerated topics are without any limitation as to time, the phone number allegedly employed by CR Fitness, or to CR Fitness' advertising campaign surrounding the opening of the Plano location (the "Plano Founder's Day Promotion"). Information related to other calls from other numbers at other times is not "relevant to [Plaintiff's] claims or [CR Fitness'] defenses" and thus outside the scope of discovery under Rule 26. To take just one example, Topic 10 requests testimony concerning "Complaints made by Persons concerning alleged TCPA violations" by CR Fitness and its investigations into those complaints, a request that contains no limitations tethering it to Plaintiff's claim or to the Plano Founder's Day Promotion.[3]

Nor can Plaintiff save his overbroad requests by appealing to the purported class-action nature of his claims; any class definition that would meet the standard of

---

[2] CR Fitness served additional objections but does not believe the court's intervention is needed to resolve them at this time.

[3] Nor is there any relevance even to the Plano location, as Plaintiff "withdrew" Count II from his original Complaint seeking a Do Not Call ("DNC") violation. ECF. No. 40 at 3. The existence of complaints, whether related to the alleged conduct or not, does not directly pertain to whether a violation of the TCPA occurred.

typicality would have to be limited at least to recipients of unconsented robocalls in connection with the Plano location opening.[4] Each CR Fitness location has its own phone number, conducts its own independent calls, advertising, and marketing efforts, with different decision-makers formulating and executing the campaigns. Buese Decl. at ¶ 2. Because of these differences, any claims involving plaintiffs alleging that they received pre-recorded calls with different messages from other locations at other times would involve issues of fact not in common with Plaintiff, and Plaintiff's claims would not be representative. Accordingly, Plaintiff cannot leverage the purported class-action nature of his claims to transform overbroad requests into legitimate ones.

CR Fitness served its responses and objections as quickly as possible to facilitate a discussion with Plaintiff's counsel. Buese Decl. at ¶ 6, Ex. 1. On Monday, August 26, 2024, the parties met and conferred but were not able to reach resolution. Because Plaintiff waited until the eleventh hour to serve its deposition notice before the discovery cutoff, CR Fitness respectfully requests the Court's intervention in advance of the deposition.

## LEGAL STANDARD

Rule 26(b) sets forth the scope of permissible discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[4] As CR Fitness explained in its motion to dismiss, no class certification is appropriate here, especially because there is no way to ascertain the members of any class Plaintiff could represent since CR Fitness has no records of a call to him. *See* ECF No. 24 at 15-20. Nevertheless, CR Fitness recognizes that the Court has not yet ruled on class certification and assumes *arguendo* that some class certification could be tenable.

defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Plaintiff's TCPA claim determines the scope of relevant discovery, pursuant to Rule 26(b)(1)." *Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 WL 3552254, *7 (M.D. Fla. Apr. 26, 2021).

## ARGUMENT

Plaintiffs' deposition notice includes several topics that are disproportionate to the needs of the case. First, many of the requests are disproportionate because they lack limitations that would anchor them to the parties' claims or defenses. Second, some of the topics are irrelevant entirely as they have no tendency to make Plaintiff's claims more or less likely to be true.

Critically, CR Fitness does not have one universal marketing campaign on one specific topic. Many decisions about what promotions to offer and when and how to offer them are made on the basis of the need for that particular gym by personnel at that location. Locations that obtain customers' consent to pre-recorded calls and voicemails often make their own separate decisions about how to do so. As a result, each location that does choose to use pre-recorded calls or voicemails does so from a unique phone number. *See* Buese Decl. at ¶ 2. As a result, the Plano location is the

only one that uses the 1660 Number, and the 1660 Number is the only number the Plano location uses.

Any claims related to calls from other locations and numbers thus necessarily involve distinct facts from those involved in Plaintiff's claim and any other claims related to the Plano Founder's Day Promotion. So, while CR Fitness recognizes that the Court has not yet ruled on class certification, any class that is ultimately certified would have to exclude, at minimum, claims based on calls from numbers other than the 1660 Number and the Plano location. CR Fitness does not ask the Court in this motion to make a class certification ruling, but does ask it to consider the outer limits of a *potential* class definition in determining the scope of permissible discovery.

    A.    **Plaintiff's 30(b)(6) Topics Lack Necessary Limitations**

The following topics in Plaintiff's 30(b)(6) notice lack limitations related to the events at issue and to the Plano Founder's Day Promotion. The Plano location did not announce it was opening until October 6, 2023. ECF No. 41 at ¶ 19 n.3. Thus, the broad topics that follow are unmoored from the claims at issue and disproportionate to the needs of the case:

- Topic 6: "The form and content of all versions of any document or form, . . . that any person who received Your Pre-recorded Voice Calls and/or Pre-recorded Voicemails signed or submitted that You contend demonstrate such person(s)['] prior express written consent to receive" such calls;

- Topic 7: "The contents of all of the Pre-recorded Voice Calls and/or Pre-recorded Voicemails that you initiated or transmitted, including all such [calls

or voicemails] initiated or transmitted via Callfire's technology, and when and to whom such [calls or voicemails] were initiated or transmitted";

- Topic 8: "The number of Pre-recorded Voice Calls and/or Pre-recorded Voicemails made by You using Callfire's technology";

- Topic 9: "The telephone numbers from which You initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded Voicemails via Callfire's technology";

- Topic 10: "Complaints made by Persons concerning alleged TCPA violations arising from the transmission of Pre-recorded Voice Calls and/or Pre-recorded Voicemails by You to telephone numbers via Callfire's technology" and related internal or third-party investigations;

- Topic 15: "The implementation, installation, design, development, and maintenance, operation, and overseeing of the initiating or transmitting of Pre-recorded Voicecalls or Pre-recorded Voicemails, including all instances when You initiated or transmitted Pre-Recorded Voicecalls or Voicemails, either directly or via Callfire's or another third party's technology"; and

- Plaintiff's demand that the 30(b)(6) representative bring to the deposition "Copies of all versions of all documents or forms, web-based or otherwise, executed or submitted by Plaintiff or any other person to whom Defendant initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded

Voicemails that Defendant contends establish such person's express written consent to receive" such calls/voicemails.

1. *Plaintiff's 30(b)(6) Topics Should Be Limited to the Plano Location's Founder's Day Promotion.*

None of the above topics contains any time limitation that would serve to restrict them to information that could relate to claims of any class that would meet certification requirements.[5] The request for testimony and documents about a vast range of calls over nearly five years is disproportionate to Plaintiff's claim that he received a single call from CR Fitness. And even if the court were to certify a class, the class definition would inevitably include a time limitation to ensure that it meets the requirement of commonality and typicality. *See Walewski v. Zenimax Media, Inc.*, 502 Fed. Appx. 857, 861 (11th Cir. 2012) (affirming denial of class certification where definition lacked appropriate limitations). Without any such time limitation, Plaintiff's claims are not proportionate to the claim(s) actually at issue in the case.

Other messages would require a case-by-case inquiry into each message, the type of consent given, and whether the putative class member was a gym member who signed a binding arbitration agreement and class action waiver.[6] "If proof of the representatives' claims would not necessarily prove all the proposed class members'

---

[5] Plaintiff's deposition notice contains a general time limitation of "between October 13, 2019 and the present." But this perfunctory limitation does nothing to limit the requests to materials that are relevant to any party's claims or defenses as required by Rule 26.

[6] Indeed, at least two different agreements with arbitration clauses and class action waivers would be at issue because CR Fitness guests/prospective members sign agreements separate from the membership agreement signed by members who join a gym. Buese Decl. at ¶ 3.

claims, the representatives' claims are not typical of the proposed members' claims." *Powell v. YouFit Health Clubs LLC,* No. 17-CV-62328, 2019 WL 926131, at *5 (S.D. Fla. Jan. 14, 2019) (finding typicality not met in TCPA claims where the actions of plaintiff, who was a non-gym member, were different than those of gym members she purported to represent).

Put simply, the necessity of individualized inquiries defeats commonality. *See Blake Tishman, P.A. v. Baptist Health S. Fla., Inc.*, No. 17-62230-CIV, 2019 WL 3890506, at *12 (S.D. Fla. June 10, 2019) (finding no commonality in a TCPA case where some fax recipients solicited the faxes and others did not); *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (refusing to certify TCPA class based on lack of commonality because consent issues would have to be decided on an individual basis at trial). As a result, no class that might ultimately be certified in this case would include plaintiffs with claims based on messages other than the Plano Founder's Day Promotion, so discovery regarding those other messages would be disproportionate to the needs of the case.

2.  *Plaintiff's 30(b)(6) Topics Should Be Limited to Calls From the 1660 Number.*

Nor are Plaintiff's proposed topics limited to calls and voicemails from the 1660 Number that were part of the Plano Founder's Day Promotion. Plaintiff's individual claim relates to a single call on a specific date with specific contents related to marketing of CR Fitness' new Plano location. ECF No. 41 at ¶¶ 20-25 (alleging a single call on Oct. 6, 2023 "to promote and advertise" the Plano location's opening). Thus,

11

information related to other calls from other CR Fitness locations about other topics have no bearing on his claim.

And again, the purported class action nature of the complaint does not alter the analysis: any class the Court might ultimately certify would have to satisfy typicality, commonality, and predominance requirements. To meet those requirements, the class would have to exclude, at least, claims stemming from different campaigns and calls made from numbers other than the 1660 Number.

For example, in *Toney v. Advantage Chrysler-Dodge-Jeep, Inc.*, No. 6:20-cv-182-WWB-EJK, 2021 WL 4896949, *5 (M.D. Fla. July 27, 2021), *report and recommendation adopted*, 2021 WL 3910135 (M.D. Fla. Sept. 1, 2021) the court found typicality lacking even where "putative class members and Plaintiff heard the same message" because the putative representative plaintiff received an ordinary call while other class members received ringless voicemails. The court held that this distinction precluded typicality because class members' claims must "arise from the same event, pattern, or practice" and be "based on the same theories." *Id*. (citing *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012)). *See also Fennell v. Navient Solutions, LLC*, No. 6:17-cv-2083-ORl-37DCI, 2019 WL 3854815,*6 (M.D. Fla. June 14, 2019) (typicality lacking where named plaintiff's claim "may differ from many class members with respect to a central element of a TCPA claim" because her number was dialed manually while others class members were auto-dialed); *Lindsay Transmission, LLC v. Off. Depot, Inc.*, No. 4:12-cv-221 CEJ, 2013 WL 275568, *5 (E.D. Mo. Jan. 24, 2013) (denying class certification and finding motion to compel nationwide discovery

moot because "[d]etermining class membership will require the kind of individualized determinations—the absence of prior consent and the absence of a prior business relationship—precluded by Rule 23").

Because Plaintiff's 30(b)(6) topics go beyond the scope of any claims that are or could be at issue, the Court should not require CR Fitness' representative to testify to them.

**B.    Irrelevant Topics**

Plaintiff's 30(b)(6) notice also includes topics that are simply irrelevant to the claims and defenses of the case apart from any need for limitations on scope.

> 1.    *Consent Is Not at Issue in Plaintiff's Claim or Those of Any Class He Could Represent.*

First, Topic 5 calls for testimony as to "The basis for Your contention that You . . . obtained Plaintiff's 'prior express consent' within the meaning of the TCPA . . . to make Pre-recorded Voice Calls and/or Pre-recorded Voicemails to the 3278 Number *and to any other telephone numbers to which such calls were made*" (emphasis added). Topic 6 likewise relates to all forms containing consent language. But CR Fitness has never contended that Plaintiff consented to pre-recorded calls; rather, it contends that *CR Fitness never called Plaintiff*. Moreover, Plaintiff's reference to numbers other than the 3278 Number is without basis, as Plaintiff has not alleged that he received a prerecorded call on any other phone line besides the 3278 Number. *See* ECF No. 41 at ¶¶ 20-25 (alleging a single call).

The purported class-action nature of Plaintiff's claim provides no anchor for Topics 5 or 6 either. While the Court has not yet decided whether to certify a class, any class that might ultimately be certified would not include claims that rely on arguments about the adequacy of CR Fitness' consent forms because Plaintiff would not satisfy typicality as to those claims. *Marc Irwin Sharfman M.D. P.A. v. Precision Imaging St. Augustine LLC*, No. 6:22-cv-642-WWB-DCI, 2024 WL 3103671, *6-7 (M.D. Fla. May 23, 2024) (TCPA case explaining that "the highly individualized inquiries regarding prior express permission are not typical to Plaintiff's claim" because the "fact-specific determination on [consent and prior relationship issues] will predominate"); *Hicks*, 2008 WL 5479111 at *8 (observing that "Several courts have held that proof of consent is an essential individual issue under the TCPA that makes class certification inappropriate" and collecting cases); *Fennell*, 2019 WL 3854815 at *6 (plaintiff's TCPA claim not typical of proposed class where she intended to rely on different legal theory). As another Florida district court explained:

> While demonstrating typicality does not require showing that there are no factual variations between the claims of the named Plaintiff and those of the proposed class, "[t]he claims of a class representative is typical if 'the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356-57 (11th Cir. 2009) (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Plaintiff's claim, like the class members' claim, is founded upon the legal theory that [defendant] violated the TCPA because the text messages . . . were dual-purpose communications that constitute telemarketing for which [Defendant] did not have express written consent. However, Plaintiff's claim as pled, unlike the class's, depends upon the position that she was no longer a member of [Defendant], and therefore not bound by any form of membership agreement containing any consent language. . . . Therefore, proof of the

14

>class members' TCPA claim will turn, at least in part, on the sufficiency of the language contained in the membership agreements, while Plaintiff's claim turns on a theory that she provided no consent at all. Thus, proof of Plaintiff's claim would not necessarily prove all the proposed class members' claims.

*Powell*, 2019 WL 926048 at *2.

Plaintiff's claim here is even more distinguishable from any claims based on lack of consent than was the purported representative plaintiff's case in *Powell*. There, the representative's claim was not typical because it turned on her alleged revocation of consent by cancelling a gym membership, while other class claims turned on the adequacy of the language in the membership agreement. By contrast, consent is *not at issue at all* in Plaintiff's case because CR Fitness' defense is not consent, but that it never called Plaintiff at all. Accordingly, Topics 5 and 6 are not relevant to Plaintiff's claims, nor to any claims that could theoretically be included in a class definition.[7]

Second, the 30(b)(6) notice requires CR Fitness' corporate representative to bring copies of all documents "executed or submitted by Plaintiff or any other person . . . that Defendant contends establish such person's express written consent to receive" pre-recorded calls or voicemails. But again, CR Fitness argues not that Plaintiff consented to receive pre-recorded calls, but that it never called Plaintiff. And the consents of individuals who actually did receive calls are not relevant here because

---

[7] Commonality and typicality requirements would also prevent the inclusion of claims by plaintiffs who signed membership agreements with CR Fitness in any class for which Plaintiff was the representative because CR Fitness' membership agreement contains an arbitration clause and a class-action waiver, and guests/prospective members sign a different agreement that also includes an arbitration clause and class-action waiver. Buese Decl. at ¶ 3. CR Fitness does not waive its right to enforce these contractual provisions as to any potential plaintiffs who signed membership agreements.

any class definition would exclude consenting call recipients, who by definition have no claim. *See Walewski*, 502 Fed. Appx. at 861 (affirming rejection of class definition that "impermissibly include[d] members who have no cause of action as a matter of law); *Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-CEH-AAS, 2022 WL 4553068, at *8 (M.D. Fla. Aug. 12, 2022) (similar). Again, because any call recipients who signed membership agreements with consent language would thus be excluded from any valid class definition, the request for consent forms lacks relevancy to the claims or defenses of any party and proportionality to the needs of the case.

Nor can Plaintiff argue that the consents must be produced so that he can determine who might be excluded from the purported class on the basis of consent; instead, the proper course is to limit his requests to non-consenting call recipients. As one court explained in a similar context,

> Plaintiff provides no authority to support his claim that he is entitled to review account information of all 1199 letter recipients to personally investigate the validity of Defendant's representation that less than one-half of the 1199 are debtors to NYIT. Defendant's counsel is an officer of the Court who has an obligation to directly oversee and supervise his client's accurate identification of the 1199 letter recipients to determine which letters deal with NYIT and then to produce those letters to Plaintiff's counsel.

*Annunziato v. Collecto, Inc.*, 296 F.R.D. 112, 120 (E.D.N.Y. 2013). Nor does Plaintiff need a copy of each customer's executed consent to challenge whether they amount to consent within the meaning of the TCPA, as CR Fitness has already produced the consent forms. Buese Decl. at ¶ 4. Hundreds or thousands of executed copies of those forms would add no incremental probative value.

  2. *Other Parties' Complaints to CR Fitness Have No Relevance to Plaintiff's Claims.*

  Finally, Topic 10 covers "Complaints made by Persons concerning alleged TCPA violations arising from" pre-recorded calls or voicemails made via CallFire and related investigations by CR Fitness or third parties. But the existence or non-existence of complaints has no tendency to make it more or less likely that Plaintiff or any other purported class member received an illegal prerecorded call—particularly in the absence of any time or other limitations tying any such complaints to the Plano Founder's Day Promotion. *Strauss v. CBE Group, Inc.*, No. 15-62026-CIV-COHN/SELTZER, 2016 WL 4411347, *6 (S.D. Fla. Feb. 9, 2016) (denying motion to compel as to three discovery requests for governmental complaints, Better Business Bureau complaints, and litigation alleging that defendant violated the TCPA as overly broad and unduly burdensome); *Halsten v. Target Corp.*, No. 2:12-cv-552-Ftm-99DNF, 2013 WL 12157855, *4 (M.D. Fla. Feb. 20, 2013) (Court "will not require [Defendant] to respond to" requests seeking documents related to tracking of complaints about its debt collection practices because requests were "not limited to the actions that occurred as to the Plaintiff nor are they limited to a specific timeframe" and as a result were "too broad and too burdensome"). The Court should not require CR Fitness to respond to these discovery requests that concern irrelevant matters and impose a burden disproportionate to the needs of the case.

## **CONCLUSION**

  For the foregoing reasons, the Court should grant the motion and enter a Protective Order prohibiting Plaintiff from seeking testimony or documents at the

30(b)(6) deposition on topics related to (i) pre-recorded calls or voicemails sent from numbers other than the 1660 Number; (ii) pre-recorded calls or voicemails that were unrelated to the Plano Founder's Day Promotion; (iii) CR Fitness' seeking, obtaining, or failing to obtain individuals' consent to receive pre-recorded calls or voicemails; or (iv) complaints received by CR Fitness concerning pre-recorded calls or voicemails.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for CR Fitness certifies that the parties met and conferred via videoconference on August 26, 2024, regarding the motion but did not reach resolution. Plaintiff opposes the motion.

/s/ Alexis Buese
Alexis Buese (Fla. Bar No. 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
Telephone: (813) 559-5500
Fax: (813) 229-5946
Primary Email: abuese@bradley.com
Secondary Email: syazbek@bradley.com
***Counsel for CR Fitness Holdings, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

*/s/ Alexis Buese*
Alexis Buese
