## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

BEN DAVIS, individually and
on behalf of all others similarly
situated,

       Plaintiff,

v.

CR FITNESS HOLDINGS, LLC,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 8:23-CV-02333-SDM-AEP

## <u>DECLARATION OF ALEXIS M. BUESE</u>

I, Alexis M. Buese declare as follows:

1. I am a partner with the law firm Bradley Arant Boult Cummings, LLP and counsel of record for Defendant CR Fitness Holdings, LLC ("CR Fitness" or the "Defendant") in this matter. In my capacity as counsel of record for CR Fitness in this matter, I have personal knowledge of the facts set forth in this declaration, and I could and would testify competently thereto if called upon to do so.

2. Each CR Fitness location has its own phone number, conducts its own independent calls, advertising, and marketing efforts. Different decision-makers formulate and execute these campaigns for each location.

3. CR Fitness requires members to sign a membership agreement that includes an arbitration clause and class-action waiver. Guests and prospective members also sign agreements with arbitration clauses and class-action waivers.

4. Plaintiff served his first discovery requests on CR Fitness in this matter on April 12, 2024. CR Fitness responded to these requests on May 24 and May 28, 2024 with document productions bearing Bates labels CRF-0001 through CRF-0351, which included (1) records of CallFire, CR Fitness' pre-recorded call vendor for its Plano location; (2) a summary of CR Fitness' Verizon bill for the Plano location; (3) records from the VFPNext platform containing all phone numbers that were loaded into CallFire for the Plano location's Founder's Day promotion; (4) other documents related to CR Fitness' CallFire account; and (4) the forms by which CR Fitness obtains consent to receive pre-recorded voice calls and/or voicemails.

5. Plaintiff did not serve another discovery request on CR Fitness until August 20, 2024.

6. CR Fitness served responses and objections to Plaintiff's August 20, 2024 discovery requests on August 26, 2024. The parties met and conferred the same day regarding those responses and objections but were unable to reach resolution. A true and correct copy of CR Fitness' responses and objections is attached as Exhibit 1 to this Declaration.

I declare under penalty that the foregoing is true and correct.

Executed on: ___8/27/24___

_____
Alexis M. Buese

2

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BEN DAVIS, individually and
on behalf of all others similarly situated,**

     **Plaintiff,**

**v.**                               **CASE NO.: 8:23-cv-02333-SDM-AEP**

**CR FITNESS HOLDINGS, LLC,**

     **Defendant.**

_____/

## RESPONSE TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION

     Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, CR Fitness

Holdings, LLC ("Defendant" and/or "CRFH") responds and objects to Plaintiff's

30(b)(6) Notice of Deposition of the CRFH as follows.

## GENERAL OBJECTIONS

     1.     CRFH objects to each topic to the extent it calls for the testimony regarding documents or information prepared in anticipation of litigation or protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

     2.     CRFH objects to each topic to the extent that it seeks to impose burdens greater than those imposed by Federal Rule of Civil Procedure 30(b)(6).

     3.     CRFH objects to each topic to the extent it is not relevant to the subject matter involved in the pending action, not proportional to the needs of this case, or not reasonably calculated to lead to the discovery of admissible evidence.

     4.     CRFH objects to the definition of "communication" to the extent it requires production of information that exceeds the scope of discovery contemplated by the Federal Rules of Civil Procedure.

5.     CRFH objects to the definition of "document" to the extent it requires production of information that exceeds the scope of discovery contemplated by the Federal Rules of Civil Procedure.

6.     CRFH objects to the definition of "person" as vague and ambiguous.

7.     CRFH objects to the definition "Action" to the extent the reference is meant to include specific allegations in the Amended Complaint to which CRFH has no knowledge of which to affirm or deny and contain legal argument.

8.     CRFH objects to the definition of "describe" or "describing" to the extent it requires production of information that exceeds the scope of discovery contemplated by the Federal Rules of Civil Procedure.

9.     CRFH objects to the definition of "ESI" to the extent it requires production of information that exceeds the scope of discovery contemplated by the Federal Rules of Civil Procedure.

10.     CRFH objects to the definition of "identifying" to the extent it requires production of information that exceeds the scope of discovery contemplated by the Federal Rules of Civil Procedure.

11.     CRFH objects to the "relevant timeframe" as it includes a period of time before CRFH opened the Plano location and is not relevant to the claims or defenses in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.     Copies of all versions of all documents or forms, web-based or otherwise, executed or submitted by Plaintiff or any other person to whom Defendant initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded Voicemails that Defendant contends establish such person's express written consent to receive such Pre-recorded Voice Calls and/or Pre-recorded Voicemails.

**RESPONSE:**     **CRFH objects to this Request to the extent no Rule 34**

**Notice to Produce was served.  CRFH further objects as overbroad and unduly**

**burdensome to the extent it seeks "Copies of all versions of all documents or**

forms" to "any other person to whom Defendant initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded Voicemails" as it is not limited in time or scope so as to be calculated to the relevant time period, namely CRFH's Plano, Texas location's Founders' Day promotion in October 2023. As phrased, the Request would require the production of documents concerning every opt-in received or submitted by any person to any Crunch Fitness location, on any date, for any marketing, sent by CRFH at any time to any person. The existence of such documents, to the extent they even exist, does not tend to make any fact pertinent to adjudicating this matter any more or less likely as the only claim in this case is that Plaintiff purported to receive a message regarding the Founder's Day promotion on October 6, 2023, from the Plano gym. CRFH further objects to this Request as premature insofar as it seeks confidential identifying information of CRFH customers or potential customers prior to class certification. *See Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07–61873–CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008) (*quoting Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352–53, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978)) ("[T]he Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action, as opposed to for reasons of discovering information 'relevant to the subject matter involved in the pending action.'"); *Stephens v. Erosion Containment Mgmt., Inc.*,

No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095 (M.D. Fla. May 21, 2008).   CRFH further objects as this Request is duplicative of Requests for Production (RFP) that have already been served in this matter, to which CRFH has already responded, and, therefore, is redundant, disproportionate, and/or excessive discovery, which is beyond the scope and spirit of the applicable discovery rules, and any information provided in response is not likely to promote narrowing of the issues or development of the facts in preparation for trial.

Subject to its General Objections above, and its Specific Objections CRFH responds as follows:  CRFH has produced all versions of all documents or forms, web-based or otherwise, demonstrating the method by which CRFH obtained consent for the Founder's Day promotion, available at CRF-0132-0136.

2.      Copies of any document preservation, retention or destruction policies governing any of the materials sought by Plaintiff in this Action.

RESPONSE:      CRFH objects to this Request to the extent no Rule 34 Notice to Produce was served. CRFH further objects to this Request to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. CRFH objects to this Request to the extent this is duplicative of RFP No. 5 to Plaintiff's Second Set of RFP, and therefore is, redundant, disproportionate, and/or excessive discovery, which is beyond the scope and spirit of the applicable discovery rules, and any information provided in response is not likely to promote narrowing of the

4

**issues or development of the facts in preparation for trial.**

**Subject to its General Objections above, and its Specific Objections CRFH responds as follows:   CRFH will produce non-privileged, relevant documents to the extent they exist.**

3.      All documents, communications, or ESI concerning the preservation or preservation, retention, or destruction of any such materials by You or any other party.

**RESPONSE:        CRFH objects to this Request to the extent no Rule 34 Notice to Produce was served. CRFH objects to this Request to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. CRFH objects to this Request to the extent this is duplicative of RFP No. 5 to Plaintiff's Second Set of RFP, and therefore is, redundant, disproportionate, and/or excessive discovery, which is beyond the scope and spirit of the applicable discovery rules, and any information provided in response is not likely to promote narrowing of the issues or development of the facts in preparation for trial. CRFH further objects to the phrase "or any other party" as the meaning is unclear and vague, and on that basis unintelligible.  The Request is not limited to the issues in this litigation, and therefore, what any "other party" may have communicated, preserved, retained or destroyed, on any topic, is not relevant to this litigation and beyond that required under the Federal Rules of Civil Procedure.**

**Subject to its General Objections above, and its Specific Objections**

CRFH responds as follows:   CRFH will produce its own documents, communications, or ESI concerning the preservation or preservation, retention, or destruction of any materials at issue in this litigation, to the extent they exist.

<u>**RESPONSE TO NOTICED TOPICS**</u>

1.      The facts alleged in the First Amended Complaint.

**RESPONSE:**      CRFH objects to this Topic as overbroad, and unduly burdensome to the extent it seeks information that is outside the scope of knowledge that the CRFH would know as an organization.  Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization."  Facts alleged about information outside of that area is not required to be known or reasonably available to the deponent.  CRFH further objects to this Request to to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic.

2.      Plaintiff and the 3278 Number.

**RESPONSE:**      CRFH objects to this Topic as overbroad, and unduly burdensome to the extent it seeks information that is outside the scope of knowledge that the CRFH would know as an organization.  Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify

about information known or reasonably available to the organization." Plaintiff has no relationship with CRFH and there is no record of the 3278 number and could not be known or reasonably available to the deponent.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic subject to its efforts to search for and lack of records concerning the 3278 number.

3.     The nature and contents of, Your means of acquiring, and any destruction of or efforts to preserve any Documents, Communications, and ESI concerning Plaintiff and/or the 3278 Number that are or at any time were in Your possession, custody or control or the possession, custody, or control of any agent or vendor retained by You.

RESPONSE:     CRFH objects to this Topic to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. CRFH objects to this Topic as overbroad, and unduly burdensome to the extent it seeks information that is outside the scope of knowledge that the CRFH would know as an organization. Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization."  Plaintiff has no record of the 3278 number and, therefore, information regarding the 3278 could not be known or reasonably available to the deponent.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic.

4.      Your relationship with Callfire, including the terms of Your agreement with Callfire, the transmission of Pre-recorded Voice Calls and/or Pre-recorded Voicemails on your behalf by Callfire, the records maintained by Callfire concerning such Pre-recorded Voice Calls and/or Pre-recorded Voicemails, and Your oversight or direction of Callfire's transmission of such Pre-recorded Voice Calls and/or Pre-recorded Voicemails.

**RESPONSE:      CRFH objects to this Topic as overbroad, and unduly burdensome to the extent it seeks information regarding records of a third-party.  Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization."  The form and content of a third-parties records is not required to be known or reasonably available to the deponent.  CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding the "terms of Your agreement with Callfire."  The terms of an agreement with a third-party are irrelevant to any claims or defenses, and not proportionate to the needs of this case. It does not tend to make any fact pertinent to adjudicating this matter any more or less likely. CRFH further objects to this Topic as overbroad, and unduly burdensome and irrelevant to the extent it seeks information regarding the transmission of any pre-recorded Voice Calls and/or Pre-recorded Voicemails and is not limited in time and scope to the October 2023 Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to the relationship with Callfire, the transmission of the Founders Day Sale for the Plano, Texas location in October 2023, records maintained by CallFire concerning the Founders Day Sale for the Plano, Texas location in October 2023, and CRFH interaction with the CallFire platform.**

5.     The basis for Your contention that You, or any other entity acting on Your behalf, obtained Plaintiff's "prior express consent" within the meaning of the TCPA, its implementing regulations, or any applicable FCC rulemaking, decision, or order, to make Pre-recorded Voice Calls and/or Pre-recorded Voicemails to the 3278 Number and to any other telephone numbers to which such calls were made.

**RESPONSE:     CRFH objects to this Topic as CRFH has never contended that it obtained Plaintiff's prior express written consent; to the contrary CRFH maintains that it has no record or evidence that it has ever made an outgoing call or message to Plaintiff at any point.  CRFH objects to this Topic as to "any other telephone numbers to which such calls were made" as it is unclear and vague.  To the extent it is meant to mean other calls which CRFH has no record it ever having made the call, CRFH cannot produce a deponent to testify on this Topic, for the very reason it has no records of such a thing occuring.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to the**

9

process by which CRFH obtained prior express written consent for the Founder's Day message on October 6, 2023.

6.      The form and content of all versions of any document or form, web-based or otherwise, that any person who received Your Pre-recorded Voice Calls and/or Pre-recorded Voicemails signed or submitted that You contend demonstrate such person(s) prior express written consent to receive such Pre-recorded Voice Calls and/or Pre-recorded Voicemails.

**RESPONSE:      CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding "form and content of all versions of any document or form, web-based or otherwise, that any person who received Your Pre-recorded Voice Calls and/or Pre-recorded Voicemails signed or submitted" as it is not limited in scope to the Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location. As phrased, the Topic would require knowledge concerning every pre-recorded voice message or pre-recorded calls sent over a four-year period by CRFH at any time to any person from a variety of different gym locations, none of which Plaintiff alleged he received.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available regarding the form and content of all versions of any document or form, web-based or otherwise, that**

any person who received the Plano Founder's Day Pre-recorded Voice Calls and/or Pre-recorded Voicemails signed or submitted to receive the promotion.

7.     The contents of all of the Pre-recorded Voice Calls and/or Pre-recorded Voicemails that you initiated or transmitted, including all such Pre-recorded Voice Calls and/or Pre-recorded Voicemails initiated or transmitted via Callfire's technology, and when and to whom such Pre- recorded Voice Calls and/or Pre-recorded Voicemails containing such content were initiated or transmitted.

**RESPONSE:**     **CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding "all" of the prerecorded voicemails and Voice Calls as it is not limited in scope to the Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location. As phrased, the Topic would require knowledge concerning every pre-recorded voice message sent over a four-year period by CRFH at any time to any person from a variety of different gym locations, none of which Plaintiff alleged he received.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on the Pre-recorded Voice Calls and/or Pre-recorded Voicemails regarding the Founders Day Sale at the Plano, Texas location in October 2023.**

8.     The number of Pre-recorded Voice Calls and/or Pre-recorded Voicemails made by You using Callfire's technology.

**RESPONSE:**     **CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding the "number of Pre-**

11

recorded Voice Calls and/or Pre-recorded Voicemails made by You using Callfire's technology" and is not limited to purported voice calls without consent.  Voice Calls and Pre-recorded Voicemails made with consent are not relevant to the topics in this litigation.  Further, CRFH objects to this Topic as overbroad and unduly burdensome as it is not limited in scope to the Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location. As phrased, the Topic would require knowledge concerning every pre-recorded voice message sent over a four-year period by CRFH at any time to any person from a variety of different gym locations, none of which Plaintiff alleged he received.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to the Founders Day Sale at the Plano, Texas location in October 2023.

9.    The telephone numbers from which You initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded Voicemails via Callfire's technology.

**RESPONSE:**    CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding all "telephone numbers from which You initiated or transmitted Pre-recorded Voice Calls and/or Pre-recorded Voicemails via Callfire's technology" and as it is not limited in scope to the Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location. As phrased, the

12

**Topic would require knowledge concerning every phone number for over 40 clubs through Florida, North Carolina, and Texas.  Plaintiff has not alleged to have received a pre-recorded call from any other gym than the Plano location whose number ended in 1660.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to any phone numbers used to send the Founders Day Sale message at the Plano, Texas location in October 2023.**

10.     Complaints made by Persons concerning alleged TCPA violations arising from the transmission of Pre-recorded Voice Calls and/or Pre-recorded Voicemails by You to telephone numbers via Callfire's technology, including without limitation Your investigations into such complaints, any other party's investigation into such complaints (regulatory or otherwise), and Your provision of any other information or materials to Callfire in connection with any such complaints or investigations.

**RESPONSE:        CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding all "Complaints made by Persons concerning alleged TCPA violations arising from the transmission of Pre-recorded Voice Calls and/or Pre-recorded Voicemails" for any location.  As phrased, the Topic would require knowledge concerning over 40 clubs through Florida, North Carolina, and Texas.  Plaintiff has not alleged to have**

received a pre-recorded call from any other gym than the Plano location whose number ended in 1660.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to any complaints regarding the Founders Day Sale message at the Plano, Texas location in October 2023.

11.     Any Documents, Communications, and ESI exchanged between You and any other party, including but not limited to Callfire, concerning the Action, Plaintiff, the 3278 Number, the 1660 Number, the subpoena issued by Plaintiff to Callfire in this Action, or the preservation or destruction of any documents, communications, or ESI requested by Plaintiff in this Action or that are otherwise relevant to this Action.

RESPONSE:     CRFH objects to this Topic as overbroad and unduly burdensome to the extent it seeks information regarding the "number of Pre-recorded Voice Calls and/or Pre-recorded Voicemails made by You using Callfire's technology" and is not limited to purported prerecorded voice calls without consent.  Voice Calls and Pre-recorded Voicemails made with consent are not relevant to the topics in this litigation.  Further, CRFH objects to this Topic as overbroad and unduly burdensome as it is not limited in scope to the Founder's Day promotion for which Plaintiff alleges to have received a pre-recorded message or to the Plano location. As phrased, the Topic would require knowledge concerning every pre-recorded voice message sent over a four-year

14

period by CRFH at any time to any person from a variety of different gym locations, none of which Plaintiff alleged he received.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to non-privileged Documents, Communications, and ESI exchanged between CRFH and any other party concerning Plaintiff, the 3278 Number, or to sending the Founders Day Sale message at the Plano, Texas location in October 2023.

12.     The nature and terms of Your relationship with any other third party, and nature and contents of any Documents, Communications, and ESI exchanged between You and that third party, concerning the Action, Plaintiff, the 3278 Number, and the 1660 Number.

RESPONSE:     CRFH objects to this Topic as overbroad, unduly burdensome and irrelevant to the extent it seeks information regarding the "nature and terms of Your relationship with any other third party" and the "1660 Number." The 1660 number is the phone number CR Fitness uses to conduct business for the Plano location.  This Topic would be so broad as to encompass all ordinary business communications entirely unrelated to the issues in the litigation. CRFH further objects to the Topic to the extent it purports to seek information that is protected from disclosure by the attorney-client privilege and the work product doctrine by asking for all documents and communications exchanged with "any other party."  CRFH further objects to this Topic as overbroad, irrelevant and unduly burdensome to the extent it seeks "any

document, communications, and ESI" exchanged with any other party, concerning the "Action." The "Action" is defined as the Class Action Complaint, and includes allegations concerning CRFH's business plan, growth, and strategic operations. None of these topics are relevant to the issue of whether Plaintiff received a pre-recorded message from CRFH's Plano location regarding the Founder's Day Sale in October 2023. This is irrelevant to any claims or defenses, and not proportionate to the needs of this case. CRFH further objects to this Topic as overbroad, irrelevant and unduly burdensome to the extent it seeks to have a 30(b)(6) witness testify concerning the "nature and contents of any Document." Testimony describing the content of documents is burdensome, lacks any reasonable particularity, and not proportionate to the needs of the case.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic concerning Plaintiff, the 3278 Number, or to sending the Founders Day Sale message at the Plano, Texas location in October 2023.

13.    The factual and evidentiary basis for Your contention or belief that the 3278 Number was never contacted by CR Fitness or the 1660 Number.

RESPONSE:    Without waiving its General Objections above, CRFH states it will make a witness available on this Topic

14.    Your efforts to preserve potentially relevant evidence in this Action.

**RESPONSE:**       **CRFH objects to the Topic to the extent it purports to seek information that is protected from disclosure by the attorney-client privilege and the work product doctrine.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to non-privileged efforts to preserve potentially relevant evidence in this Action.**

15.    The implementation, installation, design, development, and maintenance, operation, and overseeing of the initiating or transmitting of Pre-recorded Voicecalls or Pre- recorded Voicemails, including all instances when You initiated or transmitted Pre-Recorded Voicecalls or Voicemails, either directly or via Callfire's or another third party's technology.

**RESPONSE:**       **CRFH objects to this Topic as overbroad, unduly burdensome and irrelevant to the extent it seeks information regarding "all instances" of implementation, installation, design, development, and maintenance, operation, and overseeing of the initiating or transmitting of Pre-recorded Voice calls or Prerecorded Voicemails and is not limited to the Founder's Day Message that Plaintiff received. The implementation, installation, design, development, and maintenance, operation, and overseeing of the initiating or transmitting of messages sent from other numbers, and other gyms for other promotions, at other times, with other sign-up procedures, is irrelevant to any claims or defenses in this litigation, and not proportionate to the needs of this case. Further, as phrased, the Topic would require knowledge concerning every pre-recorded voice message sent over a four-year period by**

CRFH at any time to any person from a variety of different gym locations, none of which Plaintiff alleged he received.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic limited to the Founders Day Sale at the Plano, Texas location in October 2023.

16.    The form and contents of Callfire's records reflecting Pre-recorded Voice Calls and/or Pre-recorded Voicemails initiated or transmitted by You via Callfire's technology, and the proper interpretation of such records.

RESPONSE:    CRFH objects to this Topic as overbroad, unduly burdensome and irrelevant to the extent it seeks information regarding how the form and contents of a third-party's records and technology, and the proper interpretation of those records.  Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization."  The form and content of a third-parties records is not required to be known or reasonably available to the deponent.

Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on how CRFH interacts with CallFire, and uses CallFire to send messages, and how CRFH searched the CallFire records for Plaintiff's number at issue in this litigation.

17.    The factual assertions made in the Lanese Affidavit and the information reflected therein, including all efforts to locate any Pre-recorded Voice Calls and/or Pre-recorded Voicemails from You to the 1660 Number and any

communications between You, Callfire, and any other third party concerning those efforts.

**RESPONSE:** **CRFH objects to this Topic to the extent it seeks attorney-client privilege, attorney work-product doctrine, or any other applicable privilege. CRFH further objects to this request to the extent it asks for information concerning "Pre-recorded Voice Calls and/or Pre-recorded Voicemails from You to the 1660 Number" as CRFH has made no allegations, nor are there any in the Complaint that it left itself voicemails. CRFH will interpret this Topic to mean Pre-recorded Voice Calls and/or Pre-recorded Voicemails from You to the Plaintiff's cell phone.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic.**

18.    The factual assertions made in the Thinakaran Report and the information reflected and matters implicated in the exhibits to the Thinakaran Report.

**RESPONSE:** **CRFH objects to this Topic as overbroad, unduly burdensome and irrelevant to the extent it seeks information regarding an expert report. Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization." The factual assertion of the expert report is not required to be known or reasonably available to the deponent. CRFH objects to this Topic as overbroad and not sufficiently particularized to the extent the**

Topic asks for "matters implicated" in the exhibits to the Thinkaran Report. Where, as here, CRFH cannot identify the outer limits of the areas of inquiry noticed, compliant designation of a corporate representative is not feasible.

19.     The contents of, and all matters addressed or implicated in, the Documents, Communications, and ESI produced by You to Plaintiff in this Action.

RESPONSE:        CRFH objects to this Topic as overbroad, unduly burdensome, and insufficiently particularized to the extent it asks for the "contents of, and all matters addressed or implicated" in this "Action."  Federal Rule of Civil Procedure 30(b)(6) requires only that "the persons designated must testify about information known or reasonably available to the organization." Implications of documents is not capable of being known or reasonable available and calls for legal conclusions.  Further, CRFH objections to the Topic to the extent it asks for the "contents of, and all matters addressed or implicated" because Fed. R. Civ. P. 30(b)(6) requires that the notice of deposition "describe with reasonable particularity the matters on which examination is requested." No such descriptions have been provided here.

20.     Any duty of indemnification that You or any of Your agent(s), affiliate(s), contractor(s) or third-party vendor(s) may potentially owe for any liability incurred in this Action.

RESPONSE:        CRFH objects to this Topic to the extent it seeks attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic.**

21.     Any policy of insurance that You or any of Your agent(s), affiliate(s), contractor(s) or third-party vendor(s) maintain that may potentially cover any liability You may have in this Action.

**RESPONSE:     CRFH objects to this Topic to the extent it seeks attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.**

**Without waiving these specific objections or its General Objections above, CRFH states it will make a witness available on this Topic.**


Date: August 26, 2024

                              Respectfully submitted,

                               */s/ Alexis Buese*
                              Alexis Buese (Fla. Bar No. 95777)
                              **BRADLEY ARANT BOULT CUMMINGS LLP**
                              1001 Water Street, Suite 1000
                              Tampa, FL 33602
                              Telephone: (813) 559-5500
                              Fax: (813) 229-5946
                              Primary Email: abuese@bradley.com
                              Secondary Email: jcannon@bradley.com
                              *Counsel for CR Fitness Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, I electronically served the foregoing

to all counsel of record.

/s/ *Alexis Buese*
Alexis Buese