IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEN DAVIS, *individually and*
*on behalf of all others similarly situated*,

           Plaintiff,                        Case No. 8:23-CV-02333-SDM-AEP

v.

CR FITNESS HOLDINGS, LLC,

           Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER**

By and through the undersigned counsel, Plaintiff Ben Davis respectfully submits his opposition to Defendant's Time-Sensitive Motion for Protective Order (the "Motion") and states as follows.

**INTRODUCTION**

Plaintiff commenced this Telephone Consumer Protection Act ("TCPA") action against Defendant CR Fitness Holdings, LLC ("Defendant"), individually and on behalf of all others similarly situated to him, based on Defendant's use of pre-recorded voice calls to market its fitness center memberships to consumers across

the country. Plaintiff alleged, and has offered concrete proof establishing, that he received a pre-recorded voice call and voicemail from Defendant.

Defendant has now moved for a protective order which would inappropriately limit the scope of the upcoming deposition of Defendant's corporate representative and thereby prevent Plaintiff from eliciting critical testimony concerning many important topics bearing on both class certification and the merits of Plaintiff's claim. Specifically, the Motion is an improper attempt to restrict Plaintiff's ability to certify a class in this matter.

For the reasons explained below, Plaintiff is entitled to elicit testimony on all of the noticed topics, and the Motion should be denied in its entirety.

## RELEVANT BACKGROUND[1]

1. On October 13, 2023, Plaintiff commenced this class action lawsuit. (Doc. 1)

2. On October 31, 2023, Defendant was served with process. (Doc. 15)

3. On November 21, 2023, Plaintiff filed an unopposed motion for a forty-five (45) day extension of time for Defendant to answer or otherwise respond to the complaint. (Doc. 16)

---

[1] Plaintiff disagrees with Defendant's recitation of the relevant factual background, and instead, he offers a more apposite background herein.

4. On November 28, 2023, the Court granted Plaintiff's motion setting Defendant's response deadline as January 5, 2024. (Doc. 17)

5. On January 4, 2024, Defendant moved for a second extension of its response deadline to change it from January 5, 2024 to February 5, 2024. (Doc. 20)

6. On January 5, 2024, the Court granted Defendant's motion setting the response date as February 9, 2024.

7. On February 9, 2024, Defendant moved to dismiss the complaint. (Doc. 24)

8. On March 1, 2024, Defendant filed the Parties joint case management report. (Doc. 27)

9. That same day, Defendant moved for sanctions against Plaintiff, (Doc. 28), and noticed Plaintiff that it would seek discovery from AT&T. (Doc. 37-1)

10. On March 15, 2024, Plaintiff responded to Defendant's Motion for Sanctions and Defendant's Motion to Dismiss. (Docs. 36 & 37)[2]

11. On April 12, 2024, Plaintiff propounded his first set of discovery requests, consisting of Interrogatories and Requests for Production.

12. On May 17, 2024, the Court denied Defendant's motion for sanctions and motion to dismiss, rejecting each of Defendant's arguments. (Doc. 40)

---

[2] Because the initial timely filed documents were stricken for not comporting with the Local Rules, Plaintiff cites to the operative responses to the motions.

3

Specifically, the Court granted Plaintiff leave to withdraw Count II from the complaint and to file an amended complaint. (*See id.*)

13. On May 24, 2024, Defendant produced certain documents in response to Plaintiff's first requests for production.

14. On May 28, 2024, Defendant produced AT&T records demonstrating Plaintiff did, in fact, receive a call from the number ending in 1660.

15. On May 31, 2024, Plaintiff filed an amended class action complaint alleging Defendant, as part of an "aggressive expansion plan to grow the number of fitness clubs from 40 to 100 by 2026 . . . engages in mass robocalling nationwide without any consent from the recipients of its calls. (Doc. 41 at ¶¶ 18, 31)

16. On June 12, 2024, the Parties began settlement discussions concerning Plaintiff's individual claim.

17. On June 14, 2024, Defendant filed its answer. (Doc. 42)

18. On June 20, 2024, the Court entered a Case Management and Scheduling Order adopting the Parties proposed case deadlines. (Doc. 43)

19. On July 24, 2024, the Parties' efforts at pursuing a settlement ended.

20. On July 31, 2024, and August 1, 2024, Elliot O. Jackson and Frank S. Hedin of Hedin LLP filed notices of appearance, respectively, on behalf of the Plaintiff and the putative class.

21. On August 12, 2024, Plaintiff noticed Defendant that he would be taking the deposition of Callfire, Inc., which, as Defendant represents in its motion, is a vendor for Defendant's pre-recorded voice calls.

22. On August 13, 2024, Plaintiff caused a deposition subpoena to be served on Callfire, Inc.

23. On August 22, 2024, Defendant noticed the Court, for a second time, that it planned to take Plaintiff's deposition.[3] (Docs. 48 & 49)

24. That same day, Plaintiff served a deposition notice for Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). (Ex. A)

25. On August 26, 2024, the Parties conferred regarding the deposition notice.

26. On August 27, 2024, Defendant filed its Time-Sensitive Motion for Protective Order and a declaration separately in support. (Docs. 50 & 51)

## LEGAL STANDARD

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(b) specifically governs the scope of discovery. Fed. R. Civ. P. 26(b).

---

[3] Pursuant to the Middle District of Florida Handbook and practice in this district, "[c]opies of . . . notices of oral depositions . . . shall not be filed with the Court as a matter of course." Middle District of Florida Discovery Handbook (2021) at I(C).

5

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Jefferson v. Walgreen Co.*, No. 8:10-CV-1211-T-27AEP, 2010 WL 11629287, at *2 (M.D. Fla. Dec. 30, 2010). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. . . . Moreover, the alleged harm must be significant, not a mere trifle." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

## ARGUMENT

Plaintiff, through the Amended Complaint, seeks to represent a class consisting of "[a]ll persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods and/or services on their cellular telephone line." (Doc. 41 at ¶ 34) Plaintiff further alleges that Defendant has engaged in an aggressive marketing campaign to increase gym memberships across many locations, including Plano, Texas. (*Id.* at ¶ 18-19) Additionally, Plaintiff specifically alleges that, given "Defendant's aggressive

6

marketing and expansion campaign, Plaintiff is informed and believes that Defendant engages in mass robocalling nationwide without any consent from the recipients of its calls." (*Id.* at ¶ 31) Notwithstanding these nationwide allegations, Defendant argues discovery directed at other locations and beyond the "events at issue [—] the Plano Founder's Day Promotion" are disproportionate and irrelevant. Defendant seeks a protective order limiting topics at the deposition of its corporate representative to a single day of calls concerning a single fitness center location. Defendant's argument fails as a matter of law for the following reasons.

## I.     Plaintiff's Deposition Topics Are Proportionate

As a preliminary matter, Defendant suggests that Plaintiff delayed prosecuting this case until the "eleventh hour." (Doc. 50 at 6) However, as demonstrated in the relevant background section above, Plaintiff has diligently prosecuted the case prior to the court's order denying Defendant's Motion to Dismiss and Motion for Sanctions and thereafter engaged in good faith settlement discussions for his individual claim after Defendant's motion to dismiss was denied. It was not until individual settlement discussions broke down that Plaintiff engaged another law firm to shift gears from settlement to litigation. Against this backdrop, Defendant makes three arguments concerning Topics 6-10, 15, as well as an argument why it should not be required to comply with Plaintiff's request that the deponent bring copies of

7

any document or form it contends establishes a person's express written consent to receive prerecorded voice calls. None of these arguments stand up to scrutiny.

### A. The Putative Class is Properly Defined

Defendant argues that the request for documents and deposition testimony are overbroad. Nothing could be further from the truth. The class is specifically defined as including only those persons who received prerecorded voice calls from Defendant during the four-year period preceding the initiation of the case – consistent with the four-year limitation period applicable to a TCPA claim. 28 U.S.C. § 1658(a) ("a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues").

Defendant cites an inapposite Eleventh Circuit panel decision, *Walewski v. Zenimax Media, Inc.*, 502 F. App'x. 857 (11th Cir. 2012), to support its position. *Walewski* is both factually and procedurally distinguishable because, in that case, the plaintiff filed an untimely motion for class certification to certify a "a completely overbroad class for certification" consisting of "all persons or entities nationwide, who purchased any version of the game, presumably from **anyone**, **anywhere, at any time** proffered." 502 F. App'x. at 861 (emphasis added). In *Walewski*, the panel affirmed the magistrate judge's refusal to allow discovery because the plaintiff "did not file his motion for class certification on time, he also did not move for discovery

on the class certification issue before the case management meeting." 502 F. App'x at 860. Here, by contrast, the proposed class definition appropriately includes a temporal criterion for membership that is consistent with the limitations period applicable to the underlying cause of action.

*Medina v. Enhanced Recovery Company, LLC,* No. 15-14342-CIV, 2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) is instructive because there, the defendant sought to limit its discovery responses, as CR Fitness has done in the present case. The court in *Medina* rejected the defendant's purported limitation. It explained, "Plaintiffs should have access to information about . . . calls made to any consumers during ***the relevant time period***, regardless of whether the calls were made using the same [] systems as those used to call the named Plaintiffs." 2017 WL 5196093, at *9. The relevant time period in *Medina* was from August 7, 2014 to the present in 2017. Applying *Medina* to the present case, Plaintiff should be permitted to discover any prerecorded voice calls made by Defendant within the four years preceding the filing of this suit. *See Sliwa v. Bright House Networks, LLC*, No. 2:16-CV-235-FTM-29MRM, 2018 WL 1183350, at *3 (M.D. Fla. Feb. 14, 2018) (limiting TCPA discovery "to the four (4) years prior to the date Plaintiff filed the original Complaint"); *see also Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008) (reversing district court's dismissal and stating that "precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class

9

certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified.").

The temporal scope of Plaintiff's proposed class definition is narrowly tailored, not overbroad, and Defendant's request for a protective order on this basis is completely without merit.

### B. Commonality and Typicality is Premature

In seeking to improperly limit Plaintiff's class discovery, Defendant argues the proposed class can only include people who received the same Plano Founder's Day Promotion prerecorded voicemail that Plaintiff received, on the same day that Plaintiff received it, and that discovery regarding any other pre-recorded calls made by Defendant to other persons, on different days during the applicable statutory period, would be "disproportionate to the needs of the case." (Doc. 50 at 11). This argument contradicts well established case law concerning the scope of class discovery.  Defendant's argument fails for two primary reasons.

First, Southern District of Florida judges routinely reject attempts by TCPA defendants to restrict a plaintiff's ability to obtain the discovery he or she needs to move for class certification. *See Medina*, 2017 WL 5196093, at \*7; *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987 (S.D. Fla. Sept. 18, 2012); *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-60035-

BB, 2018 WL 8130559, at *3 (S.D. Fla. July 26, 2018) (collecting cases). For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012), a defendant was ordered by the magistrate judge to re-produce its corporate representative for deposition, and that representative was required to:

> to [i]dentify the number of HRRG accounts for which telephone calls were made by HRRG that meet the narrowed FDCPA class definition presented in [Plaintiff's class certification motion], namely, failure to disclose that [the] communication was from a debt collector pursuant to 15 U.S.C. § 1692(e)(11); and, second, to [i]dentify 200 telephone numbers per month during the four-year TCPA class period (for a total of 9600 telephone numbers) for which HRRG's logs show no communications having taken place prior to the first telephone call being placed, and [shall] provide the date of each such first telephone call, in electronic format.

Judge Scola affirmed the magistrate judge's order over defendant's objection, determining the defendant's "argument is akin to saying that a party need not respond to a discovery request because, in the opinion of that party, the requested information won't help the opposition's case all that much. But such has never been the rule in discovery." *Manno*, 2012 WL 4192987, at *3. Here, Defendant CR Fitness advances the same argument as the defendant in *Manno*, and this Court should reject that argument because, as *Manno*, *Medina*, and *Shapiro* recognized, the propriety of class certification is not yet before this Court. Plaintiff should therefore be permitted the requested discovery, which he needs in order to demonstrate that the class he intends to certify satisfies Rule 23 requirements.

11

Second, to the extent that Defendant suggests the type of consent each putative class member was presented with requires an individualized assessment, this argument ignores that Defendant has no evidence of consent from Plaintiff. But more importantly, Defendant has not produced any form of consent from anyone else it sent its prerecorded voice calls to either, and is now attempting to avoid providing testimony on that issue as well. Without this important discovery, Plaintiff will be unable to demonstrate that commonality and typicality are established in this case notwithstanding whatever evidence of consent Defendant claims it possesses. Accordingly, Defendant must provide testimony concerning all of the prerecorded calls it placed from any of its locations during the relevant time period, as well as testimony concerning any evidence of prior express written consent it possessed prior to making such calls.

Defendant relies on three Southern District of Florida cases involving motions for class certification: *Powell v. YouFit Health Clubs LLC*, No. 17-CV-62328, 2019 WL 926131 (S.D. Fla. Jan. 14, 2019), *Blake Tishman, P.A. v. Baptist Health S. Fla., Inc.*, No. 17-62230-CIV, 2019 WL 3890506, at *1 (S.D. Fla. June 10, 2019), and *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *1 (S.D. Fla. Dec. 11, 2008). However, these cases are procedurally distinguishable because they involve decisions on motions for class certification and do not involve discovery conducted prior to and in support of class certification. *Cf. Bais Yaakov of Spring*

*Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 419-421 (S.D.N.Y. 2014) (granting a motion to compel discovery on all fax ads sent by the defendant, rather than just the ad received by the named plaintiff, for purposes of class discovery well before the class certification stage). The class certification decisions relied upon by Defendant should be attributed no persuasive value because this case is not at the class certification stage—it is in the class discovery stage.

### *C. Plaintiff is Entitled to Discovery on All CR Fitness Locations*

In seeking to improperly limit Plaintiff's class discovery of information sufficient to establish typicality, Defendant argues that Plaintiff cannot obtain discovery regarding any calls other than those made about the Plano, Texas CR Fitness location on October 6, 2023. (Doc. 50 at 11-13) Again, as explained above, it is well established that a plaintiff may obtain discovery necessary to demonstrate that class certification is warranted under Rule 23, including that typicality, commonality, and predominance are satisfied. The Rule 23 elements often necessarily extend beyond a plaintiff's own factual circumstances and concern circumstances that are similar, but not identical, to the Plaintiff's circumstances. *See Medina*, 2017 WL 5196093, at *4 ("Plaintiffs are entitled to the opportunity to explore and obtain information relevant to the Rule 23 requirements—numerosity, commonality, typicality, and adequate representation—in order to meet their burden on these issues. Of necessity, this will require considering the number, nature and

13

frequency of calls to consumers other than the named Plaintiffs. It will also require an evaluation of which dialing systems were used to call which consumers, whether those dialing systems are an ATDS, and the similarities between the dialing systems involved."); *Warren v. Credit Pros Int'l Corp.*, No. 3:20-CV-763-TJC-MCR, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021 ("any argument by Defendant that discovery should be limited to information pertaining only to the named Plaintiff is rejected as it ignores the basic proposition that a class action *is an exception* to the usual rule that litigation is conducted by and on behalf of the individual named parties only.") (internal quotation marks omitted); *Tillman v. Ally Fin. Inc.*, No. 2:16-CV-313-FTM-99CM, 2017 WL 73382, at *6 (M.D. Fla. Jan. 6, 2017) (granting discovery requests on "evidence necessary to certify a class under Rule 23."). Courts often grant class certification in cases where a named plaintiff experiences circumstances substantially similar, but not identical, to those experienced by unnamed class members. *See Medina*, No. 2:15-cv-14342-JEM, ECF No. 131 (S.D. Fla. Sept. 12, 2019); *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, ECF No. 181 (S.D. Fla. Mar. 26, 2013). Because Plaintiff alleges a nationwide class and included the contents of one call as an example of Defendant's nationwide practice, Plaintiff is entitled to "explore and obtain information" sufficient to establish Rule 23 from all CR Fitness locations. *Medina*, 2017 WL 5196093, at *4.

Grasping at straws, Defendant cites two readily distinguishable decisions on motions to certify classes and to strike class definitions that it says support its position: *Toney v. Advantage Chrysler-Dodge-Jeep, Inc.*, No. 6:20-CV-182-WWB-EJK, 2021 WL 4896949 (M.D. Fla. July 27, 2021) and *Fennell v. Navient Sols., LLC*, No. 617CV2083ORL37DCI, 2019 WL 3854815 (M.D. Fla. June 14, 2019). Because none of these decisions concerned the discoverability of facts necessary in order to move for certification of a class, but instead concerned whether the requirements of class certification were satisfied or whether a class was adequately defined, each of them is totally inapposite to the question presently before the Court.[4] Indeed, Defendant has not moved to strike the class definition proposed in the operative complaint, and Plaintiff has not yet moved for class certification. A third case cited by Defendant, *Lindsay Transmission, LLC v. Off. Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568, at *1 (E.D. Mo. Jan. 24, 2013) is also readily distinguishable because it involved different facts. There, the plaintiff sought discovery on faxes sent by the Defendant over a six-year period, which would have required Defendant to communicate with "each of 1,132 store managers at 1,111 retail stores" which would "consume more than 2,000 hours." *Id.* On the contrary, here defendant has submitted evidence attesting that it has one person, a Chief

---

[4] To the extent Defendant argues typicality should be addressed now, as addressed in *Toney*, Plaintiff reiterates such a determination is premature because Plaintiff has not received all records to even know the form, content, type, duration, or quality of calls made to consumers.

15

Marketing Officer, who is "responsible for maintaining call logs and client database records in the possession, custody, or control of CR Fitness Holdings, LLC relating to CR Fitness Holdings, LLC's member database" and who has centralized access to the call logs for each of its various locations. (*See* Doc 28-1). Indeed, the corporate representative deposition which is the subject the present Motion will shed additional light on Defendant's access to and organization of its call records, and any potential burden involved in accessing them.

Plaintiff is entitled to take discovery on the subjects relating to Defendant's telemarketing activities beyond just the 'Founder's Day' campaign at the Plano, Texas location, and the Motion should be denied.

## II.   Plaintiff's Deposition Topics Are Relevant

Plaintiff's deposition notice to Defendant's corporate representative requests that Defendant produce a knowledgeable representative to address various topics relevant to class certification discovery. Defendant challenges Topics 5 and 6, which concern any form of consent Defendant contends it obtained for Plaintiff and/or class members, as irrelevant to this litigation. (Doc. 50 at 13-16) Defendant also challenges Topic 10 – discovery concerning complaints of TCPA violations – as irrelevant to the litigation. (*Id.* at 17) Both of Defendant's challenges lack merit, as explained below.

Consent is an affirmative defense to liability under the TCPA. As such, the form and adequacy of any consent Defendant claims to have obtained for Plaintiff or unnamed class members is relevant to the typicality, commonality, and predominance requirements of Rule 23. Indeed, discovery concerning the issue of consent is routinely produced by defendants in TCPA class actions, and courts do not hesitate to compel its production by defendants who refuse to produce it voluntarily. *See e.g., Abramson v. Fed. Ins. Co.*, No. 8:19-CV-2523-T-60AAS, 2020 WL 2097816, at *2 (M.D. Fla. May 1, 2020) ("This information is sufficiently relevant to whether Bay Area complied with the TCPA and had consent to contact Mr. Abraham, and any other potential class members"); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *2 (M.D. Fla. Jan. 17, 2020); *Critchlow v. Sterling Jewelers Inc*, No. 8:18-CV-96-T-30JSS, 2018 WL 7291070, at *3 (M.D. Fla. Nov. 13, 2018).

Additionally, discovery concerning complaints about Defendant's pre-recorded voice calls are relevant to identifying potential class members, assessing the adequacy of any consent Defendant obtained to make the class in question, and bear on whether Defendant's violations of the TCPA were committed knowingly or intentionally and thus whether the statutorily set sum of damages provided by the statute should be trebled. *See* 47 U.S.C. § 227(b)(3) ("If the court finds that the defendant willfully or knowingly violated this subsection or the regulations

prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.").

Defendant's reliance on *Strauss v. CBE Grp., Inc.*, No. 15-62026-CIV, 2016 WL 4411347, at *6 (S.D. Fla. Feb. 9, 2016) is misplaced because, unlike in *Strauss*, Plaintiff's request does not seek Better Business Bureau or government agency complaints.[5] Instead, Plaintiff seeks discovery from Defendant's corporate representative on TCPA complaints within the specified period to identify potential class members, prove Rule 23 requirements such as numerosity and commonality, determine whether its violations were willful, and assess if those complaints prompted changes to Defendant's marketing policies, campaigns, and procedures.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Date: September 5, 2024                                Respectfully submitted,

                                                       **HEDIN LLP**

                                                       /s/ Elliot O. Jackson
                                                       Elliot O. Jackson (FBN: 1034536)
                                                       Frank S. Hedin (FBN: 109698)
                                                       1395 Brickell Ave, Suite 610

---

[5] Defendant also cites *Halsten v. Target Corp.*, No. 212CV552FTM99DNF, 2013 WL 12157855, at *4 (M.D. Fla. Feb. 20, 2013), which involved different discovery requests than what is requested in the present case. Therefore, it is distinguishable on this ground alone.

>Miami, Florida 33131
>Telephone: (305) 357-2107
>Facsimile: (305) 200-8801
>fhedin@hedinllp.com
>ejackson@hedinllp.com
>
>Matthew J. Langley (FBN: 97331)
>ALMEIDA LAW GROUP LLC
>849 W. Webster Avenue
>Chicago, Illinois 60614
>(312) 576-3024
>matt@almeidalawgroup.com
>
>*Counsel for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification of such filing to all parties of record.

>/s/ Elliot O. Jackson